## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **HERSHALL SHELLEY** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Civil Action No.**  1:20-CV-1157 |
| | § | |
| **RANDALL'S FOOD & DRUGS, LP** | § | |
| *Defendant.* | § | |

### EXHIBIT A – INDEX OF MATTERS BEING FILED

| TAB | DATE | DOCUMENT |
|---|---|---|
| 1 | n/a | District Clerk Events Details with Documents |
| 2 | 8/6/2020 | Plaintiff's Original Petition with Request for Service |
| 3 | 8/7/2020 | Citations Issued |
| 4 | 8/12/2020 | Return of Service Filed |
| 5 | 8/13/2020 | Returns of Service Filed |
| 6 | 9/4/2020 | Defendant's Original Answer |
| 7 | 10/21/2020 | Plaintiff's First Amended Petition |

Respectfully submitted,

By:  **/s/  Trek Doyle**
Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com
Joshua R. Bolduc
State Bar No. 24087183
josh@doyleseelbach.com

Doyle & Seelbach PLLC

**EXHIBIT A**

7700 W. Highway 71, Ste. 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANT*
*RANDALLS FOOD & DRUGS, LP*



## <u>CERTIFICATE OF SERVICE</u>

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic delivery to counsel identified below on this, the 20th day of November 2020.

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900
**WALKER BRIGHT, PC**
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
972.744.0192 Telephone
972.744.0067 Fax
efiledallas@wblpc.com

*ATTORNEYS FOR PLAINTIFF*

**EXHIBIT A**

  (https://www.traviscountytx.gov)

**District Clerk - AARO - Attorney Access to Records Online**

# Details

Updated : Friday, November 20, 2020 4:34:45 AM

**Cause Number**                                                    Request Documents (https://www.traviscountytx.gov/district
D-1-GN-20-004066
**Style**                                                                          New Search (/aaro/)
SHELLEY V. RANDALLS FOOD AND D
**Filed Date**
8/6/2020
**Court**
419
**Type**
PERSONAL INJURY OTHER (GEN LIT )
**Case Status**
PENDING
**Action/Offense**
**Hearing Date**

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
| | DEFENDANT | CEREBUS CAPITAL MANAGEMENT LLC | |
| | DEFENDANT | CEREBUS CAPITAL MANAGEMENT LP | |
| | DEFENDANT | ALBERTSONS INVESTOR HOLDINGS LLC | |
| | DEFENDANT | ALBERTSONS COMPANIES INC | |
| DOYLE TREK C. | DEFENDANT | ALBERTSONS REALTY LLC | |
| DOYLE TREK C. | DEFENDANT | KIMCO REALTY CORPORATION | |
| DOYLE TREK C. | DEFENDANT | ALBERTSONS COMPANIES LLC | |
| DOYLE TREK C. | DEFENDANT | RANDALLS FOOD MARKETS INC | |
| DOYLE TREK C. | DEFENDANT | ALBERTSONS LLC | |
| DOYLE TREK C. | DEFENDANT | RANDALLS FOOD AND DRUGS LP | |
| BRIGHT GERALD VINCENT | PLAINTIFF | | SHELLEY , HERSHALL |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 10/21/2020 | 419 | PL | AMENDED PETITION/SUPPLEMENTAL | PET-PL | 111 | Download (/aaro/Default/GetPdf?barCodeId=7325907) |
| 9/4/2020 | 419 | PL | ANSWER & ADDITIONAL PLEADING | ANS-RESP | 7 | Download (/aaro/Default/GetPdf?barCodeId=7259015) |
| 8/13/2020 | 419 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7228581) |
| 8/13/2020 | 419 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7228571) |
| 8/13/2020 | 419 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7228565) |
| 8/13/2020 | 419 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7228561) |
| 8/13/2020 | 419 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7228556) |
| 8/12/2020 | 419 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7224848) |
| 8/7/2020 | 419 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7217609) |
| 8/7/2020 | 419 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7217608) |
| 8/7/2020 | 419 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7217607) |
| 8/7/2020 | 419 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7217606) |
| 8/7/2020 | 419 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7217605) |
| 8/7/2020 | 419 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7217603) |
| 8/6/2020 | 419 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 109 | Download (/aaro/Default/GetPdf?barCodeId=7217401) |

Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

New Search (/aaro/)

**EXHIBIT A**

© 2020 Travis County, Texas - All rights reserved.

**EXHIBIT A**

8/6/2020 4:26 PM
**Velva L. Price
District Clerk
Travis County
D-1-GN-20-004066
Ruben Tamez**

CAUSE NO. D-1-GN-20-004066 _____

| | | |
|---|---|---|
| **HERSHALL SHELLEY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **RANDALLS FOOD & DRUGS LP;** | § | |
| **ALBERTSON'S LLC;** | § | |
| **RANDALL'S FOOD MARKETS, INC.;** | § | |
| **ALBERTSON'S COMPANIES, LLC;** | § | 419TH  **JUDICIAL DISTRICT** |
| **KIMCO REALTY CORPORATION;** | § | |
| **ALBERTSON'S REALTY LLC;** | § | |
| **ALBERTSON'S COMPANIES, INC.;** | § | |
| **ALBERTSON'S INVESTOR HOLDINGS** | § | |
| **LLC; CEREBUS CAPITAL** | § | |
| **MANAGEMENT, LP; and CEREBUS** | § | |
| **CAPITAL MANAGEMENT, LLC;** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, HERSHALL SHELLEY ("Shelley"), Plaintiff, who complains of RANDALLS FOOD & DRUGS LP; ALBERTSON'S LLC; RANDALL'S FOOD MARKETS, INC.; ALBERTSON'S COMPANIES, LLC; KIMCO REALTY CORPORATION; ALBERTSON'S REALTY LLC; ALBERTSON'S COMPANIES, INC.; ALBERTSON'S INVESTOR HOLDINGS LLC; CEREBUS CAPITAL MANAGEMENT, LP; AND CEREBUS CAPITAL MANAGEMENT, LLC (all collectively referred to herein as "Randall's" or "Defendants", and for his cause of action would respectfully show:

### I.    DISCOVERY CONTROL PLAN

Plaintiff asserts that this suit and discovery shall be conducted under a **Level Three (3)** discovery control plan, pursuant to rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE pursuant to a Scheduling Order approved by this Court.

---

**EXHIBIT A**

Copy from re:SearchTX

## II.     PARTIES

Plaintiff Shelley is an individual residing in Travis County, Texas.

Defendant RANDALLS FOOD & DRUGS LP is a Foreign Limited Partnership, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas. This defendant may be served by serving its registered agent for service:  CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

Defendant ALBERTSON'S LLC is a Foreign Limited Liability Company, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.  This defendant may be served by serving its registered agent for service:  CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

Defendant RANDALL'S FOOD MARKETS, INC. is a Foreign For-Profit Corporation, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.  This defendant may be served by serving its registered agent for service:  CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

Defendant ALBERTSON'S COMPANIES, LLC is a Foreign Limited Liability Company, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.  This defendant may be served by serving its registered agent for service:  CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

Defendant KIMCO REALTY CORPORATION is a Foreign For-Profit Corporation,

EXHIBIT A

Copy from re:SearchTX

licensed to do and doing business in Texas. At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas. This defendant may be served by serving its registered agent for service: CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

Defendant ALBERTSON'S REALTY LLC is a Foreign Limited Liability Company, licensed to do and doing business in Texas. At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas. This defendant may be served by serving its registered agent for service: CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

Defendant ALBERTSON'S COMPANIES, INC., based upon information and belief, is a Foreign For-Profit Corporation, licensed to do and doing business in Texas. At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas. Issuance and service of citation is not being requested at this time for this defendant.

Defendant ALBERTSON'S INVESTOR HOLDINGS LLC, based upon information and belief, is a Foreign Limited Liability Company, licensed to do and doing business in Texas. At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas. Issuance and service of citation is not being requested at this time for this defendant.

Defendant CEREBUS CAPITAL MANAGEMENT, LP, based upon information and belief, is a Foreign Limited Partnership, licensed to do and doing business in Texas. At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas. Issuance and service of

**EXHIBIT A**

Copy from re:SearchTX

citation is not being requested at this time for this defendant.

Defendant CEREBUS CAPITAL MANAGEMENT, LLC, based upon information and belief, is a Foreign Limited Liability Company, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.  Issuance and service of citation is not being requested at this time for this defendant.

### III.   VENUE

Venue is proper in Travis County, Texas, because all or a substantial part of the events or omissions occurred in the County.  TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

### IV.   JURISDICTION

The damages sought in the lawsuit are within the jurisdictional limits of this Court and venue is properly laid in this Court, therefore, the Court has lawful jurisdiction of the cause.

### V.   FACTS

On or about September 13, 2018, Shelley entered the Defendants' premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas as an invitee to attempt to punch in to begin his shift as an employee for Defendants.  In the process of trying to do so, and before he was in the course and scope of his employment for Defendants, he was seriously and permanently injured when he slipped and fell on water or another liquid substance on the ground in front of the area where Plaintiff was attempting to clock in for work.  The condition of the ground as described above constituted a dangerous condition.

### VI.   NEGLIGENCE/PREMISES LIABILITY

At all times relevant to this cause of action, the premises in question was owned, occupied and/or maintained by Defendants.  As a direct and proximate result of the acts and/or omissions of

**EXHIBIT A**

Copy from re:SearchTX

Defendants, Shelley sustained severe personal injuries.  Defendants were negligent, in that while on the premises of Defendants, Plaintiff was owed a duty by Defendants to either warn him of or make safe any conditions (including instrumentalities) on the property which posed an unreasonable danger to Plaintiff, of which it knew or of which, through the exercise of reasonable diligence, it should have known.  In failing to meet that duty, Defendants are liable to Shelley as discussed herein.

### VII.   VICARIOUS LIABILITY

At the time of the acts and/or omissions made the basis of this lawsuit, Defendants' employees acted within the course and scope of their employment with Defendants, and in furtherance of Defendants' business.   Alternatively, Defendants were the principals and Defendants' employees were their agents.  Under the doctrine of *respondeat superior* and/or the doctrine of agency, Defendants are liable for the acts and/or omissions of their employees herein.

### VIII.   PROXIMATE CAUSE AND DAMAGES

As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages, including but not limited to:  past and, in all reasonable probability, future medical expenses; past and, in all reasonable probability, future physical pain and suffering; past and, in all reasonable probability, future mental anguish; past and, in all reasonable probability, future physical impairment; past and, in all reasonable probability, future physical disfigurement; and, past and, in all reasonable probability, future lost wages and income earning capacity.

### IX.   JURY DEMAND

Plaintiff respectfully demands his right to trial by jury and has tendered the jury fee to the District Clerk of Travis County, Texas.

**EXHIBIT A**

Copy from re:SearchTX

**X.**   **PLAINTIFF'S REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS**

Defendants are hereby requested to disclose, within fifty (50) days of service of the Petition and Discovery Requests, the information or material requested in the Plaintiff's Request for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions attached hereto and incorporated herein by reference, to the undersigned counsel for Plaintiff.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Hershall Shelley requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have:

(a) Judgment against Defendants for actual damages in an amount exceeding the minimum jurisdictional limits of the Court;

(b) Pre-judgment interest at the highest rate allowed by law;

(c) Costs of Court;

(d) Post-judgment interest at the highest rate allowed by law; and

(e) Such other and further relief to which PLAINTIFF may be justly entitled, at law or in equity.

**EXHIBIT A**

Copy from re:SearchTX

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:      (972) 744-0067
Email:          efiledallas@wblpc.com

By: _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

Copy from re:SearchTX

CAUSE NO. _____

| | | |
|---|---|---|
| HERSHALL SHELLEY, | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| V. | § | |
| | § | |
| RANDALLS FOOD & DRUGS LP; | § | |
| ALBERTSON'S LLC; | § | |
| RANDALL'S FOOD MARKETS, INC.; | § | |
| ALBERTSON'S COMPANIES, LLC; | § | ___ JUDICIAL DISTRICT |
| KIMCO REALTY CORPORATION; | § | |
| ALBERTSON'S REALTY LLC; | § | |
| ALBERTSON'S COMPANIES, INC.; | § | |
| ALBERTSON'S INVESTOR HOLDINGS | § | |
| LLC; CEREBUS CAPITAL | § | |
| MANAGEMENT, LP; and CEREBUS | § | |
| CAPITAL MANAGEMENT, LLC; | § | |
| **Defendants.** | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT RANDALLS FOOD & DRUGS LP

TO:   Defendant **RANDALLS FOOD & DRUGS LP** by service through its registered agent, **CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136**

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests. Plaintiff requests that Defendant answer the Request for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to: (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

---

**EXHIBIT A**

Copy from re:SearchTX

be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after fifty (50) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas  75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## **DEFINITIONS**

As used herein, the following terms shall have the meanings indicated below:

A.      "You" and "Yours" means **RANDALLS FOOD & DRUGS LP**.

B.      "Defendant" means **RANDALLS FOOD & DRUGS LP** unless otherwise identified.

C.      "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.      "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.      "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.      "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession,

**EXHIBIT A**

Copy from re:SearchTX

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.      "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.      "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.      "Identify" when referring:

(1)      to a person, means to state the person's name, and their business and residential addresses and phone numbers.

(2)      to a business or governmental entity, means to state its full name and present or last known business address and phone number.

(3)      to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

(4)      to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

(5)      to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## <u>NOTICE WITH REGARD TO OBJECTIONS</u>

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.      Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

---

**EXHIBIT A**

Copy from re:SearchTX

sought appears reasonably calculated to lead to the discovery of admissible evidence.  *See* TEX. R. CIV. P. 92.3.

      B.     No objection or assertion of work product is permitted to a request submitted under TEX. R. CIV. P. 194.

      C.     Discovery extends to documents or things either in your possession or in your constructive possession.  Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

      D.     With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

        (1)     The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

        (2)     The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

      E.     Assertion of Privilege.

      (1)     Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

        (a)     That information or material responsive to the request has been withheld;

        (b)     Identify the request to which the information or material relates; and

        (c)     The specific facts which you claim support the asserted legal privilege.

      (2)     Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

**EXHIBIT A**

Copy from re:SearchTX

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

    (a)    describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

    (b)    asserts a specific privilege for each item or group of items withheld. *See, Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)    Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

    (a)    information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

    (b)    trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

    (c)    the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

    (d)    any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

    (e)    any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

F.    Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS. You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984). Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents. If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUEST FOR DISCLOSURE</u>

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

Copy from re:SearchTX

## FIRST SET OF WRITTEN INTERROGATORIES

INTERROGATORY NO. 1:   Please identify the **RANDALLS FOOD & DRUGS LP** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 2:  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 3:  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 4:  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:

INTERROGATORY NO. 5:  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit.  If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:

INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:

INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:

INTERROGATORY NO. 8:  For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:

INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:

INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:

INTERROGATORY NO. 12:  Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier?  If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:

INTERROGATORY NO. 13:  Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 14:  Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:

INTERROGATORY NO. 15:  Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

EXHIBIT A

Copy from re:SearchTX

**INTERROGATORY NO. 16:**  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:

**INTERROGATORY NO. 17:**  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:

**INTERROGATORY NO. 18:**  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:

**INTERROGATORY NO. 19:**  Describe any conditions that caused or contributed to the accident.

ANSWER:

**INTERROGATORY NO. 20:**  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:

**INTERROGATORY NO. 21:**  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:

**INTERROGATORY NO. 22:**  Describe in detail any conversations you have had with the Plaintiff since the accident.

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:  What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

## REQUESTS FOR PRODUCTION

1.      All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:


2.      All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:


3.      All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

      A.      Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

            (1)      the cause of the incident in question;

            (2)      the injuries sustained by the Plaintiff; and

            (3)      the Defendant's affirmative defenses to the Plaintiffs' causes of action.

      B       All statements obtained by or on behalf of the Defendant;

      C.      All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:


4.      All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See, e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75 (Tex.

---

**EXHIBIT A**

Copy from re:SearchTX

App. – Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:

5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:

6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:

7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:

8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:

9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS  -  Page 20

**EXHIBIT A**

Copy from re:SearchTX

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:

11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:

12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:

13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:

14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:

15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUEST FOR ADMISSIONS</u>

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

4.      Admit or deny Plaintiff properly named you in Plaintiff's Original Petition.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:      (972) 744-0067
Email:          efiledallas@wblpc.com

By:    _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

Copy from re:SearchTX

CAUSE NO. _____

| | | |
|---|---|---|
| HERSHALL SHELLEY, | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| RANDALLS FOOD & DRUGS LP; | § | |
| ALBERTSON'S LLC; | § | |
| RANDALL'S FOOD MARKETS, INC.; | § | |
| ALBERTSON'S COMPANIES, LLC; | § | ___ JUDICIAL DISTRICT |
| KIMCO REALTY CORPORATION; | § | |
| ALBERTSON'S REALTY LLC; | § | |
| ALBERTSON'S COMPANIES, INC.; | § | |
| ALBERTSON'S INVESTOR HOLDINGS | § | |
| LLC; CEREBUS CAPITAL | § | |
| MANAGEMENT, LP; and CEREBUS | § | |
| CAPITAL MANAGEMENT, LLC; | § | |
| **Defendants.** | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT ALBERTSON'S LLC

TO:     Defendant **ALBERTSON'S LLC** by service through its registered agent, **CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136**

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests.  Plaintiff requests that Defendant answer the Request for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to:  (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

---

**EXHIBIT A**

Copy from re:SearchTX

be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after fifty (50) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas  75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

A.      "You" and "Yours" means **ALBERTSON'S LLC**.

B.      "Defendant" means **ALBERTSON'S LLC** unless otherwise identified.

C.      "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.      "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.      "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.      "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession,

**EXHIBIT A**

Copy from re:SearchTX

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.      "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.      "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.      "Identify" when referring:

(1)     to a person, means to state the person's name, and their business and residential addresses and phone numbers.

(2)     to a business or governmental entity, means to state its full name and present or last known business address and phone number.

(3)     to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

(4)     to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

(5)     to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## NOTICE WITH REGARD TO OBJECTIONS

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.      Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

**EXHIBIT A**

Copy from re:SearchTX

sought appears reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 92.3.

B.    No objection or assertion of work product is permitted to a request submitted under TEX. R. CIV. P. 194.

C.    Discovery extends to documents or things either in your possession or in your constructive possession. Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.    With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

(1)    The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

(2)    The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.    Assertion of Privilege.

(1)    Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

(a)    That information or material responsive to the request has been withheld;

(b)    Identify the request to which the information or material relates; and

(c)    The specific facts which you claim support the asserted legal privilege.

(2)    Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

**EXHIBIT A**

Copy from re:SearchTX

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

(a)     describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

(b)     asserts a specific privilege for each item or group of items withheld. *See, Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)     Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

(a)     information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

(b)     trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

(c)     the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

(d)     any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

(e)     any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

F.     Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS.  You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984).  Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents.  If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUEST FOR DISCLOSURE</u>

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

Copy from re:SearchTX

## <u>FIRST SET OF WRITTEN INTERROGATORIES</u>

INTERROGATORY NO. 1:  Please identify the **ALBERTSON'S LLC** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 2:  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 3:  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 4:  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:

INTERROGATORY NO. 5:  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit. If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:   For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:

INTERROGATORY NO. 12:  Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier?  If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:

INTERROGATORY NO. 13:  Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 14:  Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:

INTERROGATORY NO. 15:  Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

INTERROGATORY NO. 16:  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:


INTERROGATORY NO. 17:  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:


INTERROGATORY NO. 18:  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:


INTERROGATORY NO. 19:  Describe any conditions that caused or contributed to the accident.

ANSWER:


INTERROGATORY NO. 20:  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:


INTERROGATORY NO. 21:  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:


INTERROGATORY NO. 22:  Describe in detail any conversations you have had with the Plaintiff since the accident.

---

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:   What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

## **REQUESTS FOR PRODUCTION**

1.      All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:


2.      All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:


3.      All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

        A.      Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

                (1)     the cause of the incident in question;

                (2)     the injuries sustained by the Plaintiff; and

                (3)     the Defendant's affirmative defenses to the Plaintiffs' causes of action.

        B       All statements obtained by or on behalf of the Defendant;

        C.      All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:


4.      All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See, e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75 (Tex.

**EXHIBIT A**

Copy from re:SearchTX

App. – Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:


5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:


6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:


7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:


8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:


9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:

11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:

12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:

13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:

14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:

15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

## REQUEST FOR ADMISSIONS

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


4.      Admit or deny Plaintiff properly named you in Plaintiff's Original Petition.

ANSWER:

EXHIBIT A

Copy from re:SearchTX

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:       (972) 744-0067
Email:            efiledallas@wblpc.com

By:    _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

Copy from re:SearchTX

へ

CAUSE NO. _____

| | | |
|---|---|---|
| HERSHALL SHELLEY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| RANDALLS FOOD & DRUGS LP; | § | |
| ALBERTSON'S LLC; | § | |
| RANDALL'S FOOD MARKETS, INC.; | § | |
| ALBERTSON'S COMPANIES, LLC; | § | ___ JUDICIAL DISTRICT |
| KIMCO REALTY CORPORATION; | § | |
| ALBERTSON'S REALTY LLC; | § | |
| ALBERTSON'S COMPANIES, INC.; | § | |
| ALBERTSON'S INVESTOR HOLDINGS | § | |
| LLC; CEREBUS CAPITAL | § | |
| MANAGEMENT, LP; and CEREBUS | § | |
| CAPITAL MANAGEMENT, LLC; | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT RANDALL'S FOOD MARKETS, INC.

TO:   Defendant **RANDALL'S FOOD MARKETS, INC.** by service through its registered agent, **CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136**

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests. Plaintiff requests that Defendant answer the Request for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to: (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

**EXHIBIT A**

Copy from re:SearchTX

be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after fifty (50) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas  75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## **DEFINITIONS**

As used herein, the following terms shall have the meanings indicated below:

A.      "You" and "Yours" means **RANDALL'S FOOD MARKETS, INC.**

B.      "Defendant" means **RANDALL'S FOOD MARKETS, INC.** unless otherwise identified.

C.      "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.      "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.      "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.      "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession,

**EXHIBIT A**

Copy from re:SearchTX

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.      "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.      "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.      "Identify" when referring:

(1)      to a person, means to state the person's name, and their business and residential addresses and phone numbers.

(2)      to a business or governmental entity, means to state its full name and present or last known business address and phone number.

(3)      to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

(4)      to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

(5)      to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## NOTICE WITH REGARD TO OBJECTIONS

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.      Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

**EXHIBIT A**

Copy from re:SearchTX

sought appears reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 92.3.

B.      No objection or assertion of work product is permitted to a request submitted under Tex. R. Civ. P. 194.

C.      Discovery extends to documents or things either in your possession or in your constructive possession. Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.      With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

(1)      The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

(2)      The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.      Assertion of Privilege.

(1)      Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

(a)      That information or material responsive to the request has been withheld;

(b)      Identify the request to which the information or material relates; and

(c)      The specific facts which you claim support the asserted legal privilege.

(2)      Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

**EXHIBIT A**

Copy from re:SearchTX

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

(a)     describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

(b)     asserts a specific privilege for each item or group of items withheld. *See Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)     Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

(a)     information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

(b)     trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

(c)     the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

(d)     any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

(e)     any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

F.     Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS.  You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984).  Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents.  If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUEST FOR DISCLOSURE</u>

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

Copy from re:SearchTX

## <u>FIRST SET OF WRITTEN INTERROGATORIES</u>

INTERROGATORY NO. 1:  Please identify the **RANDALL'S FOOD MARKETS, INC.** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 2:  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 3:  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 4:  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:

INTERROGATORY NO. 5:  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit. If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:   For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:


PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS  -  Page 49

**EXHIBIT A**

Copy from re:SearchTX

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney? If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 12: Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier? If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 13: Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:


INTERROGATORY NO. 14: Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:


INTERROGATORY NO. 15: Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

EXHIBIT A

Copy from re:SearchTX

**INTERROGATORY NO. 16:** Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:


**INTERROGATORY NO. 17:** State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:


**INTERROGATORY NO. 18:** Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:


**INTERROGATORY NO. 19:** Describe any conditions that caused or contributed to the accident.

ANSWER:


**INTERROGATORY NO. 20:** If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:


**INTERROGATORY NO. 21:** If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:


**INTERROGATORY NO. 22:** Describe in detail any conversations you have had with the Plaintiff since the accident.

---

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:   What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUESTS FOR PRODUCTION</u>

1.      All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:


2.      All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:


3.      All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

        A.      Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

                (1)     the cause of the incident in question;

                (2)     the injuries sustained by the Plaintiff; and

                (3)     the Defendant's affirmative defenses to the Plaintiffs' causes of action.

        B       All statements obtained by or on behalf of the Defendant;

        C.      All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:


4.      All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See, e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75 (Tex.

---

**EXHIBIT A**

Copy from re:SearchTX

App. – Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:


5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:


6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:


7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:


8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:


9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:


11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:


12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:


13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:


14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:


15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUEST FOR ADMISSIONS</u>

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

4.      Admit or deny Plaintiff properly named you in Plaintiff's Original Petition.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:      (972) 744-0067
Email:          efiledallas@wblpc.com

By: _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

---

**EXHIBIT A**

Copy from re:SearchTX

CAUSE NO. _____

| | | |
|---|---|---|
| **HERSHALL SHELLEY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **RANDALLS FOOD & DRUGS LP;** | § | |
| **ALBERTSON'S LLC;** | § | |
| **RANDALL'S FOOD MARKETS, INC.;** | § | |
| **ALBERTSON'S COMPANIES, LLC;** | § | **\_\_\_ JUDICIAL DISTRICT** |
| **KIMCO REALTY CORPORATION;** | § | |
| **ALBERTSON'S REALTY LLC;** | § | |
| **ALBERTSON'S COMPANIES, INC.;** | § | |
| **ALBERTSON'S INVESTOR HOLDINGS** | § | |
| **LLC; CEREBUS CAPITAL** | § | |
| **MANAGEMENT, LP; and CEREBUS** | § | |
| **CAPITAL MANAGEMENT, LLC;** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT ALBERTSON'S COMPANIES, LLC

TO: Defendant **ALBERTSON'S COMPANIES, LLC** by service through its registered agent, **CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136**

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests. Plaintiff requests that Defendant answer the Request for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to:  (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

---

**EXHIBIT A**

Copy from re:SearchTX

be produced one time. All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after fifty (50) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas 75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## **DEFINITIONS**

As used herein, the following terms shall have the meanings indicated below:

A.      "You" and "Yours" means **ALBERTSON'S COMPANIES, LLC.**

B.      "Defendant" means **ALBERTSON'S COMPANIES, LLC** unless otherwise identified.

C.      "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.      "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.      "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.      "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant. The term "documents" also means an authentic copy where the original is not in the possession,

**EXHIBIT A**

Copy from re:SearchTX

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.   "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.   However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.   "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.   "Identify" when referring:

(1)   to a person, means to state the person's name, and their business and residential addresses and phone numbers.

(2)   to a business or governmental entity, means to state its full name and present or last known business address and phone number.

(3)   to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

(4)   to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

(5)   to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## NOTICE WITH REGARD TO OBJECTIONS

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.   Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

**EXHIBIT A**

Copy from re:SearchTX

sought appears reasonably calculated to lead to the discovery of admissible evidence.  *See* TEX. R. CIV. P.  92.3.

B.      No objection or assertion of work product is permitted to a request submitted under TEX. R. CIV. P.  194.

C.      Discovery extends to documents or things either in your possession or in your constructive possession.  Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.      With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

> (1)      The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

> (2)      The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.      Assertion of Privilege.

(1)      Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

> (a)      That information or material responsive to the request has been withheld;

> (b)      Identify the request to which the information or material relates; and

> (c)      The specific facts which you claim support the asserted legal privilege.

(2)      Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

**EXHIBIT A**

Copy from re:SearchTX

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

    (a)    describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

    (b)    asserts a specific privilege for each item or group of items withheld.  *See Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)    Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

    (a)    information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

    (b)    trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

    (c)    the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

    (d)    any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

    (e)    any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

    F.    Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS.  You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984).  Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents.  If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

**EXHIBIT A**

Copy from re:SearchTX

## **REQUEST FOR DISCLOSURE**

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

Copy from re:SearchTX

## FIRST SET OF WRITTEN INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify the **ALBERTSON'S COMPANIES, LLC** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:

**INTERROGATORY NO. 2:**  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:

**INTERROGATORY NO. 3:**  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:

**INTERROGATORY NO. 4:**  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:

**INTERROGATORY NO. 5:**  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit. If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to Tex. R. Civ. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:  For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by Tex. R. Civ. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

EXHIBIT A

Copy from re:SearchTX

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney? If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:

INTERROGATORY NO. 12: Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier? If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:

INTERROGATORY NO. 13: Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 14: Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:

INTERROGATORY NO. 15: Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS  -  Page 67

EXHIBIT A

Copy from re:SearchTX

INTERROGATORY NO. 16:  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:


INTERROGATORY NO. 17:  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:


INTERROGATORY NO. 18:  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:


INTERROGATORY NO. 19:  Describe any conditions that caused or contributed to the accident.

ANSWER:


INTERROGATORY NO. 20:  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:


INTERROGATORY NO. 21:  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:


INTERROGATORY NO. 22:  Describe in detail any conversations you have had with the Plaintiff since the accident.

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:  What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

## REQUESTS FOR PRODUCTION

1.     All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:


2.     All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:


3.     All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

A.     Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

(1)     the cause of the incident in question;

(2)     the injuries sustained by the Plaintiff; and

(3)     the Defendant's affirmative defenses to the Plaintiffs' causes of action.

B     All statements obtained by or on behalf of the Defendant;

C.     All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:


4.     All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See, e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75 (Tex.

**EXHIBIT A**

Copy from re:SearchTX

App. – Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:


5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:


6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:


7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:


8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:


9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

---

**EXHIBIT A**

Copy from re:SearchTX

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:

11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:

12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:

13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:

14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:

15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUEST FOR ADMISSIONS</u>

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


4.      Admit or deny Plaintiff properly named you in Plaintiff's Original Petition.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:       (972) 744-0067
Email:           efiledallas@wblpc.com

By:  _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

Copy from re:SearchTX

CAUSE NO. _____

| | | |
|---|---|---|
| **HERSHALL SHELLEY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **RANDALLS FOOD & DRUGS LP;** | § | |
| **ALBERTSON'S LLC;** | § | |
| **RANDALL'S FOOD MARKETS, INC.;** | § | |
| **ALBERTSON'S COMPANIES, LLC;** | § | **___ JUDICIAL DISTRICT** |
| **KIMCO REALTY CORPORATION;** | § | |
| **ALBERTSON'S REALTY LLC;** | § | |
| **ALBERTSON'S COMPANIES, INC.;** | § | |
| **ALBERTSON'S INVESTOR HOLDINGS** | § | |
| **LLC; CEREBUS CAPITAL** | § | |
| **MANAGEMENT, LP; and CEREBUS** | § | |
| **CAPITAL MANAGEMENT, LLC;** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT KIMCO REALTY CORPORATION

TO:   Defendant **KIMCO REALTY CORPORATION** by service through its registered agent, **CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136**

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests. Plaintiff requests that Defendant answer the Request for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to: (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

---

**EXHIBIT A**

Copy from re:SearchTX

be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after fifty (50) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas  75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## **DEFINITIONS**

As used herein, the following terms shall have the meanings indicated below:

A.    "You" and "Yours" means **KIMCO REALTY CORPORATION.**

B.    "Defendant" means **KIMCO REALTY CORPORATION** unless otherwise identified.

C.    "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.    "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.    "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.    "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.    "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession,

---

**EXHIBIT A**

Copy from re:SearchTX

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.       "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.   However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.       "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.       "Identify" when referring:

    (1)       to a person, means to state the person's name, and their business and residential addresses and phone numbers.

    (2)       to a business or governmental entity, means to state its full name and present or last known business address and phone number.

    (3)       to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

    (4)       to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

    (5)       to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

### NOTICE WITH REGARD TO OBJECTIONS

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.       Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

**EXHIBIT A**

Copy from re:SearchTX

sought appears reasonably calculated to lead to the discovery of admissible evidence.  *See* TEX. R. CIV. P.  92.3.

B.      No objection or assertion of work product is permitted to a request submitted under TEX. R. CIV. P.  194.

C.      Discovery extends to documents or things either in your possession or in your constructive possession.  Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.      With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

(1)      The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

(2)      The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.      Assertion of Privilege.

(1)      Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

(a)      That information or material responsive to the request has been withheld;

(b)      Identify the request to which the information or material relates; and

(c)      The specific facts which you claim support the asserted legal privilege.

(2)      Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

**EXHIBIT A**

Copy from re:SearchTX

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

(a)     describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

(b)     asserts a specific privilege for each item or group of items withheld. *See Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)     Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

(a)     information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

(b)     trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

(c)     the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

(d)     any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

(e)     any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

F.     Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS.  You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984).  Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents.  If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUEST FOR DISCLOSURE</u>

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

Copy from re:SearchTX

## **FIRST SET OF WRITTEN INTERROGATORIES**

INTERROGATORY NO. 1:   Please identify the **KIMCO REALTY CORPORATION** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:


INTERROGATORY NO. 2:   Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:


INTERROGATORY NO. 3:   Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:


INTERROGATORY NO. 4:   Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.   Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:


INTERROGATORY NO. 5:   State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit. If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:   For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 12:  Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier?  If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 13:  Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:


INTERROGATORY NO. 14:  Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:


INTERROGATORY NO. 15:  Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

INTERROGATORY NO. 16:  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:

INTERROGATORY NO. 17:  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:

INTERROGATORY NO. 18:  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:

INTERROGATORY NO. 19:  Describe any conditions that caused or contributed to the accident.

ANSWER:

INTERROGATORY NO. 20:  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:

INTERROGATORY NO. 21:  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:

INTERROGATORY NO. 22:  Describe in detail any conversations you have had with the Plaintiff since the accident.

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:  What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

## REQUESTS FOR PRODUCTION

1.      All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:


2.      All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:


3.      All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

        A.      Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

                (1)     the cause of the incident in question;

                (2)     the injuries sustained by the Plaintiff; and

                (3)     the Defendant's affirmative defenses to the Plaintiffs' causes of action.

        B       All statements obtained by or on behalf of the Defendant;

        C.      All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:


4.      All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75

---

**EXHIBIT A**

Copy from re:SearchTX

(Tex.App.-Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:


5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:


6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:


7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:


8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:


9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:


11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:


12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:


13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:


14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:


15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUEST FOR ADMISSIONS</u>

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


4.      Admit or deny Plaintiff properly named you in Plaintiff's Original Petition.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:      (972) 744-0067
Email:          efiledallas@wblpc.com

By: _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

Copy from re:SearchTX

CAUSE NO. _____

| | | |
|---|---|---|
| **HERSHALL SHELLEY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **RANDALLS FOOD & DRUGS LP;** | § | |
| **ALBERTSON'S LLC;** | § | |
| **RANDALL'S FOOD MARKETS, INC.;** | § | |
| **ALBERTSON'S COMPANIES, LLC;** | § | **___ JUDICIAL DISTRICT** |
| **KIMCO REALTY CORPORATION;** | § | |
| **ALBERTSON'S REALTY LLC;** | § | |
| **ALBERTSON'S COMPANIES, INC.;** | § | |
| **ALBERTSON'S INVESTOR HOLDINGS** | § | |
| **LLC; CEREBUS CAPITAL** | § | |
| **MANAGEMENT, LP; and CEREBUS** | § | |
| **CAPITAL MANAGEMENT, LLC;** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT ALBERTSON'S REALTY LLC

TO:   Defendant **ALBERTSON'S REALTY LLC** by service through its registered agent, **CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136**

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests. Plaintiff requests that Defendant answer the Request for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to: (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

---

**EXHIBIT A**

Copy from re:SearchTX

be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after fifty (50) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas  75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## <u>DEFINITIONS</u>

As used herein, the following terms shall have the meanings indicated below:

A.      "You" and "Yours" means **ALBERTSON'S REALTY LLC.**

B.      "Defendant" means **ALBERTSON'S REALTY LLC** unless otherwise identified.

C.      "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.      "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.      "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.      "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession,

**EXHIBIT A**

Copy from re:SearchTX

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.      "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.      "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.      "Identify" when referring:

(1)     to a person, means to state the person's name, and their business and residential addresses and phone numbers.

(2)     to a business or governmental entity, means to state its full name and present or last known business address and phone number.

(3)     to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

(4)     to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

(5)     to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## <u>NOTICE WITH REGARD TO OBJECTIONS</u>

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.      Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

**EXHIBIT A**

Copy from re:SearchTX

sought appears reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 92.3.

B.     No objection or assertion of work product is permitted to a request submitted under TEX. R. CIV. P. 194.

C.     Discovery extends to documents or things either in your possession or in your constructive possession. Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.     With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

(1)     The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

(2)     The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.     Assertion of Privilege.

(1)     Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

(a)     That information or material responsive to the request has been withheld;

(b)     Identify the request to which the information or material relates; and

(c)     The specific facts which you claim support the asserted legal privilege.

(2)     Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

---

**EXHIBIT A**

Copy from re:SearchTX

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

(a)     describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

(b)     asserts a specific privilege for each item or group of items withheld.  *See Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)     Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

(a)     information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

(b)     trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

(c)     the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

(d)     any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

(e)     any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

F.     Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS.  You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984).  Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents.  If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUEST FOR DISCLOSURE</u>

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

Copy from re:SearchTX

## <u>FIRST SET OF WRITTEN INTERROGATORIES</u>

INTERROGATORY NO. 1:   Please identify the **ALBERTSON'S REALTY LLC** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 2:  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 3:  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 4:  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:

INTERROGATORY NO. 5:  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit. If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:  For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 12:  Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier?  If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 13:  Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:


INTERROGATORY NO. 14:  Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:


INTERROGATORY NO. 15:  Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

INTERROGATORY NO. 16:  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:


INTERROGATORY NO. 17:  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:


INTERROGATORY NO. 18:  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:


INTERROGATORY NO. 19:  Describe any conditions that caused or contributed to the accident.

ANSWER:


INTERROGATORY NO. 20:  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:


INTERROGATORY NO. 21:  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:


INTERROGATORY NO. 22:  Describe in detail any conversations you have had with the Plaintiff since the accident.

EXHIBIT A

Copy from re:SearchTX

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:   Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:   What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

## REQUESTS FOR PRODUCTION

1.      All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:

2.      All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:

3.      All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

        A.      Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

                (1)     the cause of the incident in question;

                (2)     the injuries sustained by the Plaintiff; and

                (3)     the Defendant's affirmative defenses to the Plaintiffs' causes of action.

        B       All statements obtained by or on behalf of the Defendant;

        C.      All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:

4.      All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75

**EXHIBIT A**

Copy from re:SearchTX

(Tex.App.-Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:


5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:


6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:


7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:


8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:


9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:

11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:

12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:

13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:

14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:

15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

**EXHIBIT A**

Copy from re:SearchTX

## <u>REQUEST FOR ADMISSIONS</u>

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

4.      Admit or deny Plaintiff properly named you in Plaintiff's Original Petition.

ANSWER:

**EXHIBIT A**

Copy from re:SearchTX

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:      (972) 744-0067
Email:          efiledallas@wblpc.com

By: _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

---

**EXHIBIT A**

Copy from re:SearchTX

C I T A T I O N

8/12/2020 10:53 AM
**Velva L. Price
District Clerk
Travis County
D-1-GN-20-004066
Norma Ybarra**

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-004066**

HERSHALL SHELLEY

, Plaintiff

vs.

RANDALL'S FOOD & DRUGS LP; ALBERTSON'S LLC; RANDALL'S FOOD MARKETS, INC;
ALBERTSON'S COMPANIES, LLC; KIMCO REALTY CORPORATION; ALBERTSON'S REALTY LLC;    , Defendant
ALBERTSON'S COMPANIES, INC; ALBERTSON'S INVESTOR HOLDINGS LLC; CEREBUS CAPITAL
MANAGEMENT , LP AND CEREBUS CAPITAL MANAGEMENT, LLC

TO:  RANDALLS FOOD AND DRUGS, LP
     BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
     1999 BRYAN STREET, SUITE 900
     DALLAS, TEXAS 75201-3136

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFFS ORIGINAL PETITION  AND DISCOVERY REQUESTS</u> of the <u>PLAINTIFF</u> in
the above numbered and numbered cause, which was filed on <u>AUGUST 6, 2020</u> in the <u>419TH JUDICIAL
DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>August 07, 2020</u>.

REQUESTED BY:
GERALD VINCENT BRIGHT
100 N CENTRAL EXPY STE 800
RICHARDSON, TX 75080
BUSINESS PHONE:(972)744-0192    FAX:(972)744-0067

**Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701**

PREPARED BY: RUBEN TAMEZ

-- - - - - - - -- - -- R E T U R N -- - -- - - -- - -- - --

Came to hand on the 7th day of August , 2020 at 2:35 o'clock P M., and
executed at 1999 Bryan St. Ste 900, Dallas, TX 75201 within the County of
Dallas on the 11th day of August , 2020, at 10:45 o'clock O M.,
by delivering to the within named Randall's Food & Drug/ reg agent CT Corp System each
in person, a true copy of this citation together with the <u>PLAINTIFFS ORIGINAL PETITION  AND
DISCOVERY REQUESTS, LAWYER REFERRAL</u> accompanying pleading, having first attached such copy of such
citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

11th day of August , 2020.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: Rose Hershey
SCH 9323 EXP: 1-31-21
Printed Name of Server

Dallas County, Texas

D-1-GN-20-004066
☐ Original    ☐ Service Copy

SERVICE FEE NOT PAID        P01 - 000095573

PHIL H. HERSHEY
Notary Public, State of Texas
Comm. Expires 07-24-2021
Notary ID 131219858

**EXHIBIT A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Efile Dallas on behalf of Gerald Bright
Bar No. 2991720
efiledallas@wblpc.com
Envelope ID: 45309207
Status as of 08/13/2020 07:27:16 AM -05:00

Associated Case Party: Hershall Shelley

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gerald Bright | | efiledallas@wblpc.com | 8/12/2020 10:53:23 AM | SENT |
| David Craft | | efiledallas@wblpc.com | 8/12/2020 10:53:23 AM | SENT |

**EXHIBIT A**

8/13/2020 5:16 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-20-004066**
**Sandra Santos**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-004066**

HERSHALL SHELLEY

, Plaintiff

    vs.

RANDALL'S FOOD & DRUGS LP; ALBERTSON'S LLC; RANDALL'S FOOD MARKETS, INC;
ALBERTSON'S COMPANIES, LLC; KIMCO REALTY CORPORATION; ALBERTSON'S REALTY LLC;    , Defendant
ALBERTSON'S COMPANIES, INC; ALBERTSON'S INVESTOR HOLDINGS LLC; CEREBUS CAPITAL
MANAGEMENT , LP AND CEREBUS CAPITAL MANAGEMENT, LLC

TO:  ALBERTSONS, LLC
    BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN STREET, SUITE 900
    DALLAS, TEXAS 75201-3136

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  AND DISCOVERY REQUESTS of the PLAINTIFF in
the above styled and numbered cause, which was filed on AUGUST 6, 2020 in the 419TH JUDICIAL
DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 07, 2020.

REQUESTED BY:
GERALD VINCENT BRIGHT
100 N CENTRAL EXPY STE 800
RICHARDSON, TX 75080
BUSINESS PHONE:(972)744-0192   FAX:(972)744-0067

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the 7th day of August , 2020 at 2:35 o'clock P M., and
executed at 1999 Bryan St Ste 900, Dallas, TX 75201 within the County of
Dallas on the 11th day of August , 2020, at 11:45 o'clock A M.,
by delivering to the within named Albertsons, LLC / reg. agent CT Corporation System each
in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION  AND
DISCOVERY REQUESTS, LAWYER REFERRAL accompanying pleading, having first attached such copy of such
citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

13th day of August , 2020.

By: Rose Hershey
SCH9323 Exp. 1-31-21
Printed Name of Server

Dallas County, Texas

Notary Public, THE STATE OF TEXAS

D-1-GN-20-004066                          SERVICE FEE NOT PAID                     P01 - 000095574

Original   Service Copy

PHIL H. HERSHEY
Notary Public, State of Texas
Comm. Expires 07-24-2021
Notary ID 131219858

**EXHIBIT A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Efile Dallas on behalf of Gerald Bright
Bar No. 2991720
efiledallas@wblpc.com
Envelope ID: 45374501
Status as of 8/17/2020 10:30 AM CST

Associated Case Party: Hershall Shelley

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gerald Bright | | efiledallas@wblpc.com | 8/13/2020 5:16:57 PM | SENT |

**EXHIBIT A**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-004066**

8/13/2020 5:16 PM
**Velva L. Price
District Clerk
Travis County
D-1-GN-20-004066
Sandra Santos**

HERSHALL SHELLEY

     , Plaintiff

    vs.

RANDALL'S FOOD & DRUGS LP; ALBERTSON'S LLC; RANDALL'S FOOD MARKETS, INC;
ALBERTSON'S COMPANIES, LLC; KIMCO REALTY CORPORATION; ALBERTSON'S REALTY LLC;
ALBERTSON'S COMPANIES, INC; ALBERTSON'S INVESTOR HOLDINGS LLC; CEREBUS CAPITAL
MANAGEMENT , LP AND CEREBUS CAPITAL MANAGEMENT, LLC

     , Defendant

TO:  ALBERTSONS REALTY LLC
     BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
     1999 BRYAN STREET, SUITE 900
     DALLAS, TEXAS 75201-3136

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFFS ORIGINAL PETITION  AND DISCOVERY REQUESTS</u> of the <u>PLAINTIFF</u> in
the above styled and numbered cause, which was filed on <u>AUGUST 6, 2020</u> in the <u>419TH JUDICIAL
DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>August 07, 2020</u>.

REQUESTED BY:
GERALD VINCENT BRIGHT
100 N CENTRAL EXPY STE 800
RICHARDSON, TX 75080
BUSINESS PHONE:(972)744-0192  FAX:(972)744-0067

**Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701**

PREPARED BY: RUBEN TAMEZ

-- - - - -- -- -- - -- **R E T U R N** -- -- -- -- -- - -- -- --

Came to hand on the _7th_ day of _August_ , _2020_ at _2:35_ o'clock _P_ M., and
executed at _1999 Bryan St, Ste 900, Dallas, TX 75201_ within the County of
_Dallas_ on the _11th_ day of _August_ , _2020_, at _11:45_ o'clock _A_ M.,
by delivering to the within named _Albertsons Realty LLC / reg agent CT corp System_ each
in person, a true copy of this citation together with the <u>PLAINTIFFS ORIGINAL PETITION  AND
DISCOVERY REQUESTS, LAWYER REFERRAL</u> accompanying pleading, having first attached such copy of such
citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_13th_ day of _August, 2020_.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _Rose Hershey_

_SCH 9323-EXP. 1-31-21_
Printed Name of Server

_Dallas_ _____ County, Texas

D-1-GN-20-004066

☐ Original    ☐ Service Copy

PHIL H. HERSHEY
Notary Public, State of Texas
Comm. Expires 07-24-2021
Notary ID 131219858

SERVICE FEE NOT PAID

P01 - 000095578

**EXHIBIT A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Efile Dallas on behalf of Gerald Bright
Bar No. 2991720
efiledallas@wblpc.com
Envelope ID: 45374501
Status as of 8/17/2020 10:30 AM CST

Associated Case Party: Hershall Shelley

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gerald Bright | | efiledallas@wblpc.com | 8/13/2020 5:16:57 PM | SENT |

**EXHIBIT A**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-004066**

8/13/2020 5:16 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-004066
Sandra Santos

HERSHALL SHELLEY

    vs.
, Plaintiff

RANDALL'S FOOD & DRUGS LP; ALBERTSON'S LLC; RANDALL'S FOOD MARKETS, INC;
ALBERTSON'S COMPANIES, LLC; KIMCO REALTY CORPORATION; ALBERTSON'S REALTY LLC;
ALBERTSON'S COMPANIES, INC; ALBERTSON'S INVESTOR HOLDINGS LLC; CEREBUS CAPITAL
MANAGEMENT , LP AND CEREBUS CAPITAL MANAGEMENT, LLC
, Defendant

TO:  ALBERTSONS COMPANIES,LLC
    BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN STREET, SUITE 900
    DALLAS, TEXAS 75201-3136

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFFS ORIGINAL PETITION  AND DISCOVERY REQUESTS</u> of the <u>PLAINTIFF</u> in
the above styled and numbered cause, which was filed on <u>AUGUST 6, 2020</u> in the <u>419TH JUDICIAL
DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>August 07, 2020</u>.

REQUESTED BY:
GERALD VINCENT BRIGHT
100 N CENTRAL EXPY STE 800
RICHARDSON, TX 75080
BUSINESS PHONE:(972)744-0192  FAX:(972)744-0067

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- -- -- - -- - -- - -- - -- - --
Came to hand on the _7th_ day of _August_ , _2020_ at _2:35_ o'clock _P_ M., and
executed at _1999 Bryan St. Ste 900 Dallas, TX 75201_ within the County of
_Dallas_ on the _11th_ day of _August_ , _2020_, at _11:45_ o'clock _A_ M.,
by delivering to the within named _Albertsons Companies LLC by agent CT Corp_ each _System_
in person, a true copy of this citation together with the <u>PLAINTIFFS ORIGINAL PETITION  AND</u>
<u>DISCOVERY REQUESTS, LAWYER REFERRAL</u> accompanying pleading, having first attached such copy of such
citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_Sheriff / Constable / Authorized Person_

Sworn to and subscribed before me this the

By: _Rose Hershey_

_13th_ day of _August_, _2020_.

SC# 9323 EXP: 1-31-21
Printed Name of Server

Notary Public, THE STATE OF TEXAS

_Dallas_ County, Texas

**D-1-GN-20-004066**

SERVICE FEE NOT PAID

P01 - 000095576

☐ Original      ☐ Service Copy

PHIL H. HERSHEY
Notary Public, State of Texas
Comm. Expires 07-24-2021
Notary ID 131219858

**EXHIBIT A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Efile Dallas on behalf of Gerald Bright
Bar No. 2991720
efiledallas@wblpc.com
Envelope ID: 45374501
Status as of 8/17/2020 10:30 AM CST

Associated Case Party: Hershall Shelley

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gerald Bright | | efiledallas@wblpc.com | 8/13/2020 5:16:57 PM | SENT |

**EXHIBIT A**

8/13/2020 5:16 PM

Velva L. Price
District Clerk
Travis County
D-1-GN-20-004066
Sandra Santos

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-004066**

HERSHALL SHELLEY

, Plaintiff

vs.

RANDALL'S FOOD & DRUGS LP; ALBERTSON'S LLC; RANDALL'S FOOD MARKETS, INC;
ALBERTSON'S COMPANIES, LLC; KIMCO REALTY CORPORATION; ALBERTSON'S REALTY LLC;     , Defendant
ALBERTSON'S COMPANIES, INC; ALBERTSON'S INVESTOR HOLDINGS LLC; CEREBUS CAPITAL
MANAGEMENT , LP AND CEREBUS CAPITAL MANAGEMENT, LLC

TO:  KIMCO REALTY CORPORATION
     BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
     1999 BRYAN STREET, SUITE 900
     DALLAS, TEXAS 75201-3136

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  AND DISCOVERY REQUESTS of the PLAINTIFF in
the above styled and numbered cause, which was filed on AUGUST 6, 2020 in the 419TH JUDICIAL
DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 07, 2020.

REQUESTED BY:
GERALD VINCENT BRIGHT
100 N CENTRAL EXPY STE 800
RICHARDSON, TX 75080
BUSINESS PHONE:(972)744-0192  FAX:(972)744-0067

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- - -- - -- -- - -- - -- - -- **R E T U R N** -- - -- - - -- - - -- - -- - --

Came to hand on the 7<sup>th</sup>day of _August_ , 2020 at _2:35_ o'clock _P_ .M., and
executed at _1999 Bryan St., Ste900, Dallas, TX 75201_ within the County of
_Dallas_ on the 11<sup>th</sup>day of _August_ , 2020 , at _11:45_ o'clock _A_.M.,
by delivering to the within named _Kimco Realty Corporation / reg agent CT Corp System_ each
in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION  AND
DISCOVERY REQUESTS, LAWYER REFERRAL accompanying pleading, having first attached such copy of such
citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sheriff / Constable / Authorized Person ,

Sworn to and subscribed before me this the

By: _Rose Hershey_

_13_<sup>th</sup>day of _August_ , 2020 .

_SCH 9323  EXP: 1-31-21_
Printed Name of Server

Notary Public, THE STATE OF TEXAS

_Dallas_ County, Texas

D-1-GN-20-004066                                    SERVICE FEE NOT PAID              P01 - 000095577

☐ Original        ☐ Service Copy

PHIL H. HERSHEY
Notary Public, State of Texas
Comm. Expires 07-24-2021
Notary ID 131219858

**EXHIBIT A**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Efile Dallas on behalf of Gerald Bright
Bar No. 2991720
efiledallas@wblpc.com
Envelope ID: 45374501
Status as of 8/17/2020 10:30 AM CST

Associated Case Party: Hershall Shelley

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gerald Bright | | efiledallas@wblpc.com | 8/13/2020 5:16:57 PM | SENT |

**EXHIBIT A**

8/13/2020 5:16 PM

**Velva L. Price
District Clerk
Travis County
D-1-GN-20-004066
Sandra Santos**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-004066**

HERSHALL SHELLEY

, Plaintiff

vs.

RANDALL'S FOOD & DRUGS LP; ALBERTSON'S LLC; RANDALL'S FOOD MARKETS, INC;
ALBERTSON'S COMPANIES, LLC; KIMCO REALTY CORPORATION; ALBERTSON'S REALTY LLC;
ALBERTSON'S COMPANIES, INC; ALBERTSON'S INVESTOR HOLDINGS LLC; CEREBUS CAPITAL
MANAGEMENT , LP AND CEREBUS CAPITAL MANAGEMENT, LLC

, Defendant

TO:  RANDALLS FOOD MARKETS, INC
     BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
     1999 BRYAN STREET, SUITE 900
     DALLAS, TEXAS 75201-3136

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  AND DISCOVERY REQUESTS of the PLAINTIFF in
the above styled and numbered cause, which was filed on AUGUST 6, 2020 in the 419TH JUDICIAL
DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 07, 2020.

REQUESTED BY:
GERALD VINCENT BRIGHT
100 N CENTRAL EXPY STE 800
RICHARDSON, TX 75080
BUSINESS PHONE:(972)744-0192  FAX:(972)744-0067

**Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701**

PREPARED BY: RUBEN TAMEZ

-- -- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- -- --

Came to hand on the 7th day of August , 2020 at 2:35 o'clock P M., and
executed at 1999 Bryan BT0/Ste 900, Dallas, Tx 75201 within the County of
Dallas on the 11th day of August , 2020, at 11:45 o'clock A M.,
by delivering to the within named Randall's Food Market, Inc./reg agent CT Corp System each
in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION  AND
DISCOVERY REQUESTS, LAWYER REFERRAL accompanying pleading, having first attached such copy of such
citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sheriff / Constable / Authorized Person

By: Rose Hershey

SCH 9323 EXP 1-31-21
Printed Name of Server

Sworn to and subscribed before me this the

13th day of August , 2020.

Dallas County, Texas

Notary Public, THE STATE OF TEXAS

D-1-GN-20-004066

☐ Original        ☐ Service Copy

PHIL H. HERSHEY
Notary Public, State of Texas
Comm. Expires 07-24-2021
Notary ID 131219858

SERVICE FEE NOT PAID

P01 - 000095575

**EXHIBIT A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Efile Dallas on behalf of Gerald Bright
Bar No. 2991720
efiledallas@wblpc.com
Envelope ID: 45374501
Status as of 8/17/2020 10:30 AM CST

Associated Case Party: Hershall Shelley

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gerald Bright | | efiledallas@wblpc.com | 8/13/2020 5:16:57 PM | SENT |

**EXHIBIT A**

9/4/2020 12:02 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-004066
Aaron Cobb

**CAUSE NO. D-1-GN-20-004066**

| | | |
|---|---|---|
| **HERSHALL SHELLEY,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **419TH JUDICIAL DISTRICT** |
| | § | |
| **RANDALLS FOOD & DRUGS, LP;** | § | |
| **ALBERTSON'S LLC;** | § | |
| **RANDALL'S FOOD MARKETS, INC.;** | § | |
| **ALBERTSON'S COMPANIES, LLC;** | § | |
| **KIMCO REALTY CORPORATION;** | § | |
| **ALBERTSON'S REALTY LLC;** | § | |
| **ALBERTSON'S COMPANIES, INC.;** | § | |
| **ALBERTSON'S INVESTOR** | § | |
| **HOLDINGS, LLC; CEREBUS CAPITAL** | § | |
| **MANAGEMENT, LP; AND CEREBUS** | § | |
| **CAPITAL MANGEMENT, LLC;** | § | |
| *Defendant.* | § | **OF TRAVIS COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER, SPECIAL EXCEPTION, DISCOVERY OBJECTON, AND AFFIRMATIVE DEFENSES

Defendants RANDALLS FOOD & DRUGS, LP, ALBERTSON'S LLC, RANDALL'S FOOD MARKETS, INC., ALBERTSONS COMPANIES, LLC, KIMCO REALTY CORPORATION, and ALBERTSON'S REALTY LLC, ("Defendants") hereby submit their Original Answer to Plaintiff's Original Petition and would show as follows:

### GENERAL DENIAL

1.     Without waiving any other defenses Defendants may have or hereafter come to have or urge, Defendants generally deny each and every material allegation in Plaintiff's Original Petition (and all subsequent amended and supplemental Petitions filed herein) pursuant to Rule 92 of the Texas Rules of Civil Procedure and

**EXHIBIT A**

demands strict proof thereof by a preponderance of the evidence or by clear and convincing evidence as the law requires.

## SPECIAL EXCEPTION

2.     Texas Rule of Civil Procedure 47(c) requires that Plaintiff's allege the amount of monetary relief sought. Plaintiff's Original Petition does not contain an allegation that complies with Rule 47(c). Pursuant to Rule 91, Defendants specially except and respectfully request that Plaintiff be required to amend his Petition to allege the amount of monetary relief sought in this matter.

## DISCOVERY OBJECTION

3.     Texas Rule of Civil Procedure 47 also provides that a party who does not allege the monetary relief sought in accordance with Rule 47(c) "may not conduct discovery until the pleading is amended to comply." Without complying with Rule 47(c), Plaintiff served a complete set of written discovery with his Petition to each of the host of mostly improperly named Defendants he chose to file suit against including: (1) a request for disclosure, (2) interrogatories, (3) requests for production, and (4) requests for admission. Defendants object to being required to respond to the written discovery requests served with Plaintiff's Original Petition unless or until Plaintiff amends to comply with Rule 47(c). Defendants' deadline to respond to Plaintiff's prematurely propounded discovery does not begin to run until the date on which Plaintiff's amend in compliance with Rule 47(c). *In re Greater McAllen Star Properties, Inc.*, 444 S.W.3d 743, 751 (Tex. App. – Corpus Christi 2014, orig. proceeding).

**EXHIBIT A**

## AFFIRMATIVE DEFENSES

Without conceding that the following are affirmative defenses for which Defendants bear the burden of proof, Defendants assert that:

4.     Randalls Food & Drugs, LP is the only proper party named by Plaintiff in this case. Randalls Food & Drugs, LP operated the store at which Plaintiff's alleged accident occurred. None of the other named Defendants are proper parties as none of them owned, operated or controlled the premises where the accident at issue occurred. None of the other named Defendants owed Plaintiff any legal duty whatsoever.

5.     Any supposed hazard at issue in the incident was open and obvious and therefore Defendants owed no duty to Plaintiff.

6.     Defendants rely upon the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code. The responsibility of the parties, including Plaintiff, must be compared by the trier of fact.  Plaintiff was certainly a proximate, if not the sole, cause of his own incident and injuries. Without doubt, Plaintiff was more than fifty percent responsible for the incident in question and is therefore barred from recovery.

7.     Any award of pre-judgment interest for damages that have not yet accrued would violate Defendant's rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 14, 16, and 19 of the Texas Constitution.

**EXHIBIT A**

8.    Defendant pleads further that any recovery of medical expenses or health care expenses allegedly incurred by Plaintiff, is limited to the amount actually paid or incurred by or on behalf of Plaintiff, if any, pursuant to Tex. Civ. Prac. & Rem. Code §41.0105.  Defendant respectfully requests this Honorable Court to compute Plaintiff's award, if any, in accordance with the language of Section 41.0105 of the Texas Civil Practice and Remedies Code.  Defendant also requests that Plaintiff prove (1) that reasonable and necessary medical or healthcare expenses do exist, (2) what part of the medical or healthcare expenses have actually been paid or for which Plaintiff remains liable; and (3) that the medical or healthcare expenses claimed resulted from conduct of Defendant.

9.    To the extent Plaintiff seeks punitive or exemplary damages, Defendant relies upon the limitations and other provisions of Chapter 41 of the Texas Civil Practices & Remedies Code.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by his suit, that Defendants be dismissed from this action, awarded court costs and for such other and further relief to which Defendants may be justly entitled.

**EXHIBIT A**

Respectfully submitted,

By:   **/s/ Trek Doyle**
Trek Doyle
State Bar No. 00790608
trek@doyleseelbach.com
Karl Seelbach
State Bar No. 24044607
karl@doyleseelbach.com
Joshua R. Bolduc
State Bar No. 24087183
josh@doyleseelbach.com

Doyle & Seelbach PLLC
7700 W. Highway 71, Ste. 250
Austin, Texas 78735
512.960.4890 phone
doyleseelbach.com

*ATTORNEYS FOR DEFENDANTS*
*RANDALLS FOOD & DRUGS, LP;*
*ALBERTSON'S LLC; RANDALL'S*
*FOOD MARKETS, INC.;*
*ALBERTSONS COMPANIES, LLC;*
*KIMCO REALTY CORPORATION;*
*AND ALBERTSON'S REALTY LLC*



**EXHIBIT A**

## <u>CERTIFICATE OF SERVICE</u>

By my signature above, I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic delivery to counsel identified below on this, the 4th day of September 2020.

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900
**WALKER BRIGHT, PC**
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
972.744.0192 Telephone
972.744.0067 Fax
efiledallas@wblpc.com

*ATTORNEYS FOR PLAINTIFF*

**EXHIBIT A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Trek Doyle on behalf of Trek Doyle
Bar No. 790608
trek@doyleseelbach.com
Envelope ID: 45989972
Status as of 9/9/2020 12:05 PM CST

Associated Case Party: Hershall Shelley

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gerald Bright | | efiledallas@wblpc.com | 9/4/2020 12:02:00 PM | SENT |

Associated Case Party: Randalls Food & Drugs LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Trek Doyle | | trek@doyleseelbach.com | 9/4/2020 12:02:00 PM | SENT |
| Joshua Bolduc | | josh@doyleseelbach.com | 9/4/2020 12:02:00 PM | SENT |
| Bill Templeton | | bill@doyleseelbach.com | 9/4/2020 12:02:00 PM | SENT |

**EXHIBIT A**

10/21/2020 10:42 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-004066
Chloe Jimenez

## CAUSE NO. D-1-GN-20-004066

| | | |
|---|---|---|
| **HERSHALL SHELLEY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **RANDALLS FOOD & DRUGS LP;** | § | |
| **ALBERTSON'S LLC;** | § | |
| **RANDALL'S FOOD MARKETS, INC.;** | § | |
| **ALBERTSON'S COMPANIES, LLC;** | § | **419TH JUDICIAL DISTRICT** |
| **KIMCO REALTY CORPORATION;** | § | |
| **ALBERTSON'S REALTY LLC;** | § | |
| **ALBERTSON'S COMPANIES, INC.;** | § | |
| **ALBERTSON'S INVESTOR HOLDINGS** | § | |
| **LLC; CEREBUS CAPITAL** | § | |
| **MANAGEMENT, LP; and CEREBUS** | § | |
| **CAPITAL MANAGEMENT, LLC;** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND DISCOVERY REQUESTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, HERSHALL SHELLEY ("Shelley"), Plaintiff, who complains of RANDALLS FOOD & DRUGS LP; ALBERTSON'S LLC; RANDALL'S FOOD MARKETS, INC.; ALBERTSON'S COMPANIES, LLC; KIMCO REALTY CORPORATION; ALBERTSON'S REALTY LLC; ALBERTSON'S COMPANIES, INC.; ALBERTSON'S INVESTOR HOLDINGS LLC; CEREBUS CAPITAL MANAGEMENT, LP; AND CEREBUS CAPITAL MANAGEMENT, LLC (all collectively referred to herein as "Randall's" or "Defendants", and for his cause of action would respectfully show:

### I.    DISCOVERY CONTROL PLAN

Plaintiff asserts that this suit is for monetary relief over $200,000, but not more than $1,000,000 and that discovery is being conducted under a **Level Three (3)** discovery control plan, pursuant to Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE pursuant to a Scheduling Order to

**EXHIBIT A**

be approved by this Court.   The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## II. <u>PARTIES</u>

Plaintiff Shelley is an individual residing in Travis County, Texas.

Defendant RANDALLS FOOD & DRUGS LP is a Foreign Limited Partnership, licensed to do and doing business in Texas.   At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas. This defendant has made an appearance herein.

Defendant ALBERTSON'S LLC is a Foreign Limited Liability Company, licensed to do and doing business in Texas.   At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.   This defendant has made an appearance herein through its counsel of record.

Defendant RANDALL'S FOOD MARKETS, INC. is a Foreign For-Profit Corporation, licensed to do and doing business in Texas.   At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.   This defendant has made an appearance herein through its counsel of record.

Defendant ALBERTSON'S COMPANIES, LLC is a Foreign Limited Liability Company, licensed to do and doing business in Texas.   At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.   This defendant has made an appearance herein through its counsel of record.

**EXHIBIT A**

Defendant KIMCO REALTY CORPORATION is a Foreign For-Profit Corporation, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.  This defendant has made an appearance herein through its counsel of record.

Defendant ALBERTSON'S REALTY LLC is a Foreign Limited Liability Company, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.  This defendant has made an appearance herein through its counsel of record.

Defendant ALBERTSON'S COMPANIES, INC., based upon information and belief, is a Foreign For-Profit Corporation, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.  Issuance and service of citation is not being requested at this time for this defendant.

Defendant ALBERTSON'S INVESTOR HOLDINGS LLC, based upon information and belief, is a Foreign Limited Liability Company, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.  Issuance and service of citation is not being requested at this time for this defendant.

Defendant CEREBUS CAPITAL MANAGEMENT, LP, based upon information and belief, is a Foreign Limited Partnership, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises

**EXHIBIT A**

located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.  Issuance and service of citation is not being requested at this time for this defendant.

Defendant CEREBUS CAPITAL MANAGEMENT, LLC, based upon information and belief, is a Foreign Limited Liability Company, licensed to do and doing business in Texas.  At the time of the alleged incident in question this defendant owned, occupied or controlled the store and premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas.  Issuance and service of citation is not being requested at this time for this defendant.

### III.    VENUE

Venue is proper in Travis County, Texas, because all or a substantial part of the events or omissions occurred in the County.  TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

### IV.    JURISDICTION

The damages sought in the lawsuit are within the jurisdictional limits of this Court and venue is properly laid in this Court, therefore, the Court has lawful jurisdiction of the cause.

### V.    FACTS

On or about September 13, 2018, Shelley entered the Defendants' premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas as an invitee to attempt to punch in to begin his shift as an employee for Defendants.  In the process of trying to do so, and before he was in the course and scope of his employment for Defendants, he was seriously and permanently injured when he slipped and fell on water or another liquid substance on the ground in front of the area where Plaintiff was attempting to clock in for work.  The condition of the ground as described above constituted a dangerous condition.

### VI.    NEGLIGENCE/PREMISES LIABILITY

At all times relevant to this cause of action, the premises in question was owned, occupied

**EXHIBIT A**

and/or maintained by Defendants.  As a direct and proximate result of the acts and/or omissions of Defendants, Shelley sustained severe personal injuries.  Defendants were negligent, in that while on the premises of Defendants, Plaintiff was owed a duty by Defendants to either warn him of or make safe any conditions (including instrumentalities) on the property which posed an unreasonable danger to Plaintiff, of which it knew or of which, through the exercise of reasonable diligence, it should have known.  In failing to meet that duty, Defendants are liable to Shelley as discussed herein.

## VII.   VICARIOUS LIABILITY

At the time of the acts and/or omissions made the basis of this lawsuit, Defendants' employees acted within the course and scope of their employment with Defendants, and in furtherance of Defendants' business.  Alternatively, Defendants were the principals and Defendants' employees were their agents.  Under the doctrine of *respondeat superior* and/or the doctrine of agency, Defendants are liable for the acts and/or omissions of their employees herein.

## VIII.   PROXIMATE CAUSE AND DAMAGES

As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages, including but not limited to:  past and, in all reasonable probability, future medical expenses; past and, in all reasonable probability, future physical pain and suffering; past and, in all reasonable probability, future mental anguish; past and, in all reasonable probability, future physical impairment; past and, in all reasonable probability, future physical disfigurement; and, past and, in all reasonable probability, future lost wages and income earning capacity.

## IX.   JURY DEMAND

Plaintiff respectfully demands his right to trial by jury and has tendered the jury fee to the District Clerk of Travis County, Texas.

**EXHIBIT A**

## X.   PLAINTIFF'S REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS

Defendants are hereby requested to disclose, within thirty (30) days of service of this First Amended Original Petition and Discovery Requests, the information or material requested in the Plaintiff's REQUESTS FOR DISCLOSURE, First Set of Interrogatories, Requests for Production, and Request for Admissions attached hereto and incorporated herein by reference, to the undersigned counsel for Plaintiff.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Hershall Shelley requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have:

(a) Judgment against Defendants for actual damages in an amount exceeding the minimum jurisdictional limits of the Court;

(b) Pre-judgment interest at the highest rate allowed by law;

(c) Costs of Court;

(d) Post-judgment interest at the highest rate allowed by law; and

(e) Such other and further relief to which PLAINTIFF may be justly entitled, at law or in equity.

**EXHIBIT A**

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:       (972) 744-0192
Facsimile:       (972) 744-0067
Email:           efiledallas@wblpc.com

By:  _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

CAUSE NO. D-1-GN-20-004066

| | | |
|---|---|---|
| HERSHALL SHELLEY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| RANDALLS FOOD & DRUGS LP; | § | |
| ALBERTSON'S LLC; | § | |
| RANDALL'S FOOD MARKETS, INC.; | § | |
| ALBERTSON'S COMPANIES, LLC; | § | 419TH JUDICIAL DISTRICT |
| KIMCO REALTY CORPORATION; | § | |
| ALBERTSON'S REALTY LLC; | § | |
| ALBERTSON'S COMPANIES, INC.; | § | |
| ALBERTSON'S INVESTOR HOLDINGS | § | |
| LLC; CEREBUS CAPITAL | § | |
| MANAGEMENT, LP; and CEREBUS | § | |
| CAPITAL MANAGEMENT, LLC; | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT RANDALLS FOOD & DRUGS LP

TO:     Defendant **RANDALLS FOOD & DRUGS LP** by and through its attorneys of record, Trek Doyle, Karl Seelbach, and Joshua R. Bolduc, Doyle & Seelbach PLLC, 7700 W. Highway 71, Ste. 250 Austin, Texas 78735.

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests. Plaintiff requests that Defendant answer the Requests for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to: (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

**EXHIBIT A**

be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after thirty (30) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas 75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

A.     "You" and "Yours" means **RANDALLS FOOD & DRUGS LP**.

B.     "Defendant" means **RANDALLS FOOD & DRUGS LP** unless otherwise identified.

C.     "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.     "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.     "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.     "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.     "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession,

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.      "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.      "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.      "Identify" when referring:

    (1)      to a person, means to state the person's name, and their business and residential addresses and phone numbers.

    (2)      to a business or governmental entity, means to state its full name and present or last known business address and phone number.

    (3)      to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

    (4)      to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

    (5)      to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## NOTICE WITH REGARD TO OBJECTIONS

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.      Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

**EXHIBIT A**

sought appears reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 92.3.

B.       No objection or assertion of work product is permitted to a request submitted under Tex. R. Civ. P. 194.

C.       Discovery extends to documents or things either in your possession or in your constructive possession.  Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.       With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

(1)       The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

(2)       The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.       Assertion of Privilege.

(1)       Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

(a)       That information or material responsive to the request has been withheld;

(b)       Identify the request to which the information or material relates; and

(c)       The specific facts which you claim support the asserted legal privilege.

(2)       Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

    (a)    describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

    (b)    asserts a specific privilege for each item or group of items withheld. *See, Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)    Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

    (a)    information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

    (b)    trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

    (c)    the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

    (d)    any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

    (e)    any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

F.    Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS.  You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984).  Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents.  If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

**EXHIBIT A**

## REQUESTS FOR DISCLOSURE

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(d); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

## <u>FIRST SET OF WRITTEN INTERROGATORIES</u>

**INTERROGATORY NO. 1:**   Please identify the **RANDALLS FOOD & DRUGS LP** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:

**INTERROGATORY NO. 2:**  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:

**INTERROGATORY NO. 3:**  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:

**INTERROGATORY NO. 4:**  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:

**INTERROGATORY NO. 5:**  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit.  If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:   For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

**EXHIBIT A**

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 12:  Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier?  If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 13:  Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:


INTERROGATORY NO. 14:  Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:


INTERROGATORY NO. 15:  Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

**EXHIBIT A**

INTERROGATORY NO. 16:  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:


INTERROGATORY NO. 17:  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:


INTERROGATORY NO. 18:  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:


INTERROGATORY NO. 19:  Describe any conditions that caused or contributed to the accident.

ANSWER:


INTERROGATORY NO. 20:  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:


INTERROGATORY NO. 21:  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:


INTERROGATORY NO. 22:  Describe in detail any conversations you have had with the Plaintiff since the accident.

**EXHIBIT A**

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:   What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

## REQUESTS FOR PRODUCTION

1.      All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:


2.      All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:


3.      All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

        A.      Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

                (1)     the cause of the incident in question;

                (2)     the injuries sustained by the Plaintiff; and

                (3)     the Defendant's affirmative defenses to the Plaintiffs' causes of action.

        B       All statements obtained by or on behalf of the Defendant;

        C.      All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:


4.      All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See, e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75 (Tex.

**EXHIBIT A**

App. – Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:


5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:


6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:


7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:


8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:


9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

EXHIBIT A

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:


11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:


12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:


13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:


14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:


15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

16.    Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

EXHIBIT A

## REQUEST FOR ADMISSIONS

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


4.      Admit or deny Plaintiff properly named you in Plaintiff's First Amended Original Petition.

ANSWER:

EXHIBIT A

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:      (972) 744-0067
Email:          efiledallas@wblpc.com

By:    _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

CAUSE NO. D-1-GN-20-004066

| | | |
|---|---|---|
| HERSHALL SHELLEY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| RANDALLS FOOD & DRUGS LP; | § | |
| ALBERTSON'S LLC; | § | |
| RANDALL'S FOOD MARKETS, INC.; | § | |
| ALBERTSON'S COMPANIES, LLC; | § | 419TH JUDICIAL DISTRICT |
| KIMCO REALTY CORPORATION; | § | |
| ALBERTSON'S REALTY LLC; | § | |
| ALBERTSON'S COMPANIES, INC.; | § | |
| ALBERTSON'S INVESTOR HOLDINGS | § | |
| LLC; CEREBUS CAPITAL | § | |
| MANAGEMENT, LP; and CEREBUS | § | |
| CAPITAL MANAGEMENT, LLC; | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

**PLAINTIFF'S REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT ALBERTSON'S LLC**

TO:   Defendant **ALBERTSON'S LLC** by and through its attorneys of record, Trek Doyle, Karl Seelbach, and Joshua R. Bolduc, Doyle & Seelbach PLLC, 7700 W. Highway 71, Ste. 250 Austin, Texas 78735.

**INSTRUCTIONS**

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests.  Plaintiff requests that Defendant answer the Requests for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to:  (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

**EXHIBIT A**

be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after thirty (30) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas 75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

A. "You" and "Yours" means **ALBERTSON'S LLC**.

B. "Defendant" means **ALBERTSON'S LLC** unless otherwise identified.

C. "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D. "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E. "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F. "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G. "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession,

**EXHIBIT A**

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.      "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.       "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.      "Identify" when referring:

(1)      to a person, means to state the person's name, and their business and residential addresses and phone numbers.

(2)      to a business or governmental entity, means to state its full name and present or last known business address and phone number.

(3)      to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

(4)      to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

(5)      to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## NOTICE WITH REGARD TO OBJECTIONS

Pursuant to Tex. R. Civ. P. 192, 194, and 196, please take notice that:

A.      Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

**EXHIBIT A**

sought appears reasonably calculated to lead to the discovery of admissible evidence.  *See* TEX. R. CIV. P.  92.3.

B.      No objection or assertion of work product is permitted to a request submitted under TEX. R. CIV. P.  194.

C.      Discovery extends to documents or things either in your possession or in your constructive possession.  Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.      With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

(1)      The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

(2)      The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.      Assertion of Privilege.

(1)      Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

(a)      That information or material responsive to the request has been withheld;

(b)      Identify the request to which the information or material relates; and

(c)      The specific facts which you claim support the asserted legal privilege.

(2)      Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

    (a)    describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

    (b)    asserts a specific privilege for each item or group of items withheld. *See, Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)    Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

    (a)    information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

    (b)    trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

    (c)    the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

    (d)    any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

    (e)    any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

F.    Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS. You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984). Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents. If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

EXHIBIT A

## <u>REQUESTS FOR DISCLOSURE</u>

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2 (d); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

## <u>FIRST SET OF WRITTEN INTERROGATORIES</u>

INTERROGATORY NO. 1:  Please identify the **ALBERTSON'S LLC** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:


INTERROGATORY NO. 2:  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:


INTERROGATORY NO. 3:  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:


INTERROGATORY NO. 4:  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:


INTERROGATORY NO. 5:  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit. If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

---

**EXHIBIT A**

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:  For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

**EXHIBIT A**

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 12:  Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier?  If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 13:  Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:


INTERROGATORY NO. 14:  Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:


INTERROGATORY NO. 15:  Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

**EXHIBIT A**

INTERROGATORY NO. 16:  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:

INTERROGATORY NO. 17:  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:

INTERROGATORY NO. 18:  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:

INTERROGATORY NO. 19:  Describe any conditions that caused or contributed to the accident.

ANSWER:

INTERROGATORY NO. 20:  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:

INTERROGATORY NO. 21:  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:

INTERROGATORY NO. 22:  Describe in detail any conversations you have had with the Plaintiff since the accident.

EXHIBIT A

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:   What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

## REQUESTS FOR PRODUCTION

1.      All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:

2.      All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:

3.      All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

    A.      Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

        (1)      the cause of the incident in question;

        (2)      the injuries sustained by the Plaintiff; and

        (3)      the Defendant's affirmative defenses to the Plaintiffs' causes of action.

    B      All statements obtained by or on behalf of the Defendant;

    C.      All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:

4.      All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See, e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75 (Tex.

App. – Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:


5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:


6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:


7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:


8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:


9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

**EXHIBIT A**

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:


11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:


12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:


13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:


14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:


15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

EXHIBIT A

## <u>REQUEST FOR ADMISSIONS</u>

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


4.      Admit or deny Plaintiff properly named you in Plaintiff's First Amended Original Petition.

ANSWER:

EXHIBIT A

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:      (972) 744-0067
Email:          efiledallas@wblpc.com

By:  _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

CAUSE NO. D-1-GN-20-004066

| | | |
|---|---|---|
| HERSHALL SHELLEY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| RANDALLS FOOD & DRUGS LP; | § | |
| ALBERTSON'S LLC; | § | |
| RANDALL'S FOOD MARKETS, INC.; | § | |
| ALBERTSON'S COMPANIES, LLC; | § | 419TH JUDICIAL DISTRICT |
| KIMCO REALTY CORPORATION; | § | |
| ALBERTSON'S REALTY LLC; | § | |
| ALBERTSON'S COMPANIES, INC.; | § | |
| ALBERTSON'S INVESTOR HOLDINGS | § | |
| LLC; CEREBUS CAPITAL | § | |
| MANAGEMENT, LP; and CEREBUS | § | |
| CAPITAL MANAGEMENT, LLC; | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT RANDALL'S FOOD MARKETS, INC.

TO:    Defendant **RANDALL'S FOOD MARKETS, INC.** by and through its attorneys of record, Trek Doyle, Karl Seelbach, and Joshua R. Bolduc, Doyle & Seelbach PLLC, 7700 W. Highway 71, Ste. 250 Austin, Texas 78735.

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests. Plaintiff requests that Defendant answer the Requests for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to:  (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after thirty (30) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas 75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

A.      "You" and "Yours" means **RANDALL'S FOOD MARKETS, INC.**

B.      "Defendant" means **RANDALL'S FOOD MARKETS, INC.** unless otherwise identified.

C.      "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.      "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.      "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.      "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession,

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.      "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.      "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.      "Identify" when referring:

    (1)      to a person, means to state the person's name, and their business and residential addresses and phone numbers.

    (2)      to a business or governmental entity, means to state its full name and present or last known business address and phone number.

    (3)      to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

    (4)      to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

    (5)      to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## NOTICE WITH REGARD TO OBJECTIONS

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.      Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

**EXHIBIT A**

sought appears reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 92.3.

B.       No objection or assertion of work product is permitted to a request submitted under TEX. R. CIV. P. 194.

C.       Discovery extends to documents or things either in your possession or in your constructive possession.  Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.       With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

> (1)     The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and
>
> (2)     The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.       Assertion of Privilege.

> (1)     Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:
>
>> (a)     That information or material responsive to the request has been withheld;
>>
>> (b)     Identify the request to which the information or material relates; and
>>
>> (c)     The specific facts which you claim support the asserted legal privilege.
>
> (2)     Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

**EXHIBIT A**

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

(a)     describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

(b)     asserts a specific privilege for each item or group of items withheld. *See Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)     Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

(a)     information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

(b)     trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

(c)     the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

(d)     any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

(e)     any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

F.     Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS. You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984). Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents. If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

---

**EXHIBIT A**

## <u>REQUESTS FOR DISCLOSURE</u>

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(d); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

## <u>FIRST SET OF WRITTEN INTERROGATORIES</u>

INTERROGATORY NO. 1:  Please identify the **RANDALL'S FOOD MARKETS, INC.** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 2:  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 3:  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 4:  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:

INTERROGATORY NO. 5:  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit. If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:  For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

**EXHIBIT A**

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 12:  Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier?  If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 13:  Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:


INTERROGATORY NO. 14:  Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:


INTERROGATORY NO. 15:  Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

INTERROGATORY NO. 16:  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:


INTERROGATORY NO. 17:  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:


INTERROGATORY NO. 18:  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:


INTERROGATORY NO. 19:  Describe any conditions that caused or contributed to the accident.

ANSWER:


INTERROGATORY NO. 20:  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:


INTERROGATORY NO. 21:  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:


INTERROGATORY NO. 22:  Describe in detail any conversations you have had with the Plaintiff since the accident.

EXHIBIT A

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:   What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

## REQUESTS FOR PRODUCTION

1.      All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:


2.      All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:


3.      All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

        A.      Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

                (1)     the cause of the incident in question;

                (2)     the injuries sustained by the Plaintiff; and

                (3)     the Defendant's affirmative defenses to the Plaintiffs' causes of action.

        B       All statements obtained by or on behalf of the Defendant;

        C.      All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:


4.      All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See, e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75 (Tex.

App. – Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:

5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:

6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:

7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:

8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:

9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

EXHIBIT A

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:

11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:

12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:

13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:

14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:

15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

EXHIBIT A

## <u>REQUEST FOR ADMISSIONS</u>

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


4.      Admit or deny Plaintiff properly named you in Plaintiff's First Amended Original Petition.

ANSWER:

**EXHIBIT A**

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:       (972) 744-0067
Email:             efiledallas@wblpc.com

By:  _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

CAUSE NO. D-1-GN-20-004066

| | | |
|---|---|---|
| HERSHALL SHELLEY, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| RANDALLS FOOD & DRUGS LP; | § | |
| ALBERTSON'S LLC; | § | |
| RANDALL'S FOOD MARKETS, INC.; | § | |
| ALBERTSON'S COMPANIES, LLC; | § | 419TH JUDICIAL DISTRICT |
| KIMCO REALTY CORPORATION; | § | |
| ALBERTSON'S REALTY LLC; | § | |
| ALBERTSON'S COMPANIES, INC.; | § | |
| ALBERTSON'S INVESTOR HOLDINGS | § | |
| LLC; CEREBUS CAPITAL | § | |
| MANAGEMENT, LP; and CEREBUS | § | |
| CAPITAL MANAGEMENT, LLC; | § | |
|     Defendants. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT ALBERTSON'S COMPANIES, LLC

TO:    Defendant **ALBERTSON'S COMPANIES, LLC** by and through its attorneys of record, Trek Doyle, Karl Seelbach, and Joshua R. Bolduc, Doyle & Seelbach PLLC, 7700 W. Highway 71, Ste. 250 Austin, Texas 78735.

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests. Plaintiff requests that Defendant answer the Requests for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to: (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after thirty (30) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas 75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

A.      "You" and "Yours" means **ALBERTSON'S COMPANIES, LLC.**

B.      "Defendant" means **ALBERTSON'S COMPANIES, LLC** unless otherwise identified.

C.      "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.      "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.      "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.      "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession,

**EXHIBIT A**

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.      "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.      "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.      "Identify" when referring:

(1)      to a person, means to state the person's name, and their business and residential addresses and phone numbers.

(2)      to a business or governmental entity, means to state its full name and present or last known business address and phone number.

(3)      to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

(4)      to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

(5)      to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## NOTICE WITH REGARD TO OBJECTIONS

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.      Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

sought appears reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 92.3.

B.      No objection or assertion of work product is permitted to a request submitted under TEX. R. CIV. P. 194.

C.      Discovery extends to documents or things either in your possession or in your constructive possession.  Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.      With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

(1)     The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

(2)     The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.      Assertion of Privilege.

(1)     Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

(a)     That information or material responsive to the request has been withheld;

(b)     Identify the request to which the information or material relates; and

(c)     The specific facts which you claim support the asserted legal privilege.

(2)     Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

---

**EXHIBIT A**

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

    (a)    describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

    (b)    asserts a specific privilege for each item or group of items withheld. *See Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)    Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

    (a)    information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

    (b)    trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

    (c)    the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

    (d)    any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

    (e)    any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

F.    Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS.  You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984).  Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents.  If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

**EXHIBIT A**

## <u>REQUESTS FOR DISCLOSURE</u>

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(d); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

## FIRST SET OF WRITTEN INTERROGATORIES

**INTERROGATORY NO. 1:**   Please identify the **ALBERTSON'S COMPANIES, LLC** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:

**INTERROGATORY NO. 2:**  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:

**INTERROGATORY NO. 3:**  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:

**INTERROGATORY NO. 4:**  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:

**INTERROGATORY NO. 5:**  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit. If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:  For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

**EXHIBIT A**

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 12:  Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier?  If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 13:  Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:


INTERROGATORY NO. 14:  Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:


INTERROGATORY NO. 15:  Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

EXHIBIT A

INTERROGATORY NO. 16:  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:

INTERROGATORY NO. 17:  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:

INTERROGATORY NO. 18:  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:

INTERROGATORY NO. 19:  Describe any conditions that caused or contributed to the accident.

ANSWER:

INTERROGATORY NO. 20:  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:

INTERROGATORY NO. 21:  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:

INTERROGATORY NO. 22:  Describe in detail any conversations you have had with the Plaintiff since the accident.

EXHIBIT A

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:   What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

## REQUESTS FOR PRODUCTION

1.    All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:


2.    All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:


3.    All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

    A.    Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

        (1)    the cause of the incident in question;

        (2)    the injuries sustained by the Plaintiff; and

        (3)    the Defendant's affirmative defenses to the Plaintiffs' causes of action.

    B    All statements obtained by or on behalf of the Defendant;

    C.    All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:


4.    All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See, e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75 (Tex.

**EXHIBIT A**

App. – Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:


5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:


6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:


7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:


8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:


9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

**EXHIBIT A**

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:

11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:

12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:

13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:

14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:

15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

EXHIBIT A

## REQUEST FOR ADMISSIONS

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:


4.      Admit or deny Plaintiff properly named you in Plaintiff's First Amended Original Petition.

ANSWER:

EXHIBIT A

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:      (972) 744-0067
Email:          efiledallas@wblpc.com

By: _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

CAUSE NO. D-1-GN-20-004066

| | | |
|---|---|---|
| **HERSHALL SHELLEY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **RANDALLS FOOD & DRUGS LP;** | § | |
| **ALBERTSON'S LLC;** | § | |
| **RANDALL'S FOOD MARKETS, INC.;** | § | |
| **ALBERTSON'S COMPANIES, LLC;** | § | **419TH JUDICIAL DISTRICT** |
| **KIMCO REALTY CORPORATION;** | § | |
| **ALBERTSON'S REALTY LLC;** | § | |
| **ALBERTSON'S COMPANIES, INC.;** | § | |
| **ALBERTSON'S INVESTOR HOLDINGS** | § | |
| **LLC; CEREBUS CAPITAL** | § | |
| **MANAGEMENT, LP; and CEREBUS** | § | |
| **CAPITAL MANAGEMENT, LLC;** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT KIMCO REALTY CORPORATION

TO:     Defendant **KIMCO REALTY CORPORATION** by and through its attorneys of record, Trek Doyle, Karl Seelbach, and Joshua R. Bolduc, Doyle & Seelbach PLLC, 7700 W. Highway 71, Ste. 250 Austin, Texas 78735.

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests.  Plaintiff requests that Defendant answer the Requests for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to:  (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

be produced one time. All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after thirty (30) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas 75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

A.     "You" and "Yours" means **KIMCO REALTY CORPORATION.**

B.     "Defendant" means **KIMCO REALTY CORPORATION** unless otherwise identified.

C.     "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.     "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.     "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.     "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.     "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant. The term "documents" also means an authentic copy where the original is not in the possession,

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.      "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.      "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.      "Identify" when referring:

(1)     to a person, means to state the person's name, and their business and residential addresses and phone numbers.

(2)     to a business or governmental entity, means to state its full name and present or last known business address and phone number.

(3)     to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

(4)     to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

(5)     to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## NOTICE WITH REGARD TO OBJECTIONS

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.      Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

**EXHIBIT A**

sought appears reasonably calculated to lead to the discovery of admissible evidence.  *See* TEX. R. CIV. P. 92.3.

B.      No objection or assertion of work product is permitted to a request submitted under TEX. R. CIV. P. 194.

C.      Discovery extends to documents or things either in your possession or in your constructive possession.  Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.      With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

(1)      The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

(2)      The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.      Assertion of Privilege.

(1)      Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

(a)      That information or material responsive to the request has been withheld;

(b)      Identify the request to which the information or material relates; and

(c)      The specific facts which you claim support the asserted legal privilege.

(2)      Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

---

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

    (a)    describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

    (b)    asserts a specific privilege for each item or group of items withheld. *See Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)    Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

    (a)    information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

    (b)    trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

    (c)    the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

    (d)    any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

    (e)    any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

    F.    Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS. You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984). Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents. If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

**EXHIBIT A**

## <u>REQUESTS FOR DISCLOSURE</u>

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(d); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

## **FIRST SET OF WRITTEN INTERROGATORIES**

INTERROGATORY NO. 1:   Please identify the **KIMCO REALTY CORPORATION** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 2:  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 3:  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 4:  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:

INTERROGATORY NO. 5:  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit. If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:   For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

**EXHIBIT A**

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 12:  Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier?  If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:


INTERROGATORY NO. 13:  Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:


INTERROGATORY NO. 14:  Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:


INTERROGATORY NO. 15:  Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

**EXHIBIT A**

INTERROGATORY NO. 16:  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:

INTERROGATORY NO. 17:  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:

INTERROGATORY NO. 18:  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:

INTERROGATORY NO. 19:  Describe any conditions that caused or contributed to the accident.

ANSWER:

INTERROGATORY NO. 20:  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:

INTERROGATORY NO. 21:  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:

INTERROGATORY NO. 22:  Describe in detail any conversations you have had with the Plaintiff since the accident.

EXHIBIT A

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:   What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

## REQUESTS FOR PRODUCTION

1.     All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:


2.     All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:


3.     All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

       A.     Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

              (1)     the cause of the incident in question;

              (2)     the injuries sustained by the Plaintiff; and

              (3)     the Defendant's affirmative defenses to the Plaintiffs' causes of action.

       B      All statements obtained by or on behalf of the Defendant;

       C.     All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:


4.     All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit.  *See e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75

**EXHIBIT A**

(Tex.App.-Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:


5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:


6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:


7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:


8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:


9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

**EXHIBIT A**

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:


11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:


12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:


13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:


14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:


15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

EXHIBIT A

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

EXHIBIT A

## <u>REQUEST FOR ADMISSIONS</u>

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

4.      Admit or deny Plaintiff properly named you in Plaintiff's First Amended Original Petition.

ANSWER:

**EXHIBIT A**

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:      (972) 744-0067
Email:          efiledallas@wblpc.com

By:  _____
Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

---

**EXHIBIT A**

CAUSE NO. D-1-GN-20-004066

| | | |
|---|---|---|
| **HERSHALL SHELLEY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **RANDALLS FOOD & DRUGS LP;** | § | |
| **ALBERTSON'S LLC;** | § | |
| **RANDALL'S FOOD MARKETS, INC.;** | § | |
| **ALBERTSON'S COMPANIES, LLC;** | § | **419TH JUDICIAL DISTRICT** |
| **KIMCO REALTY CORPORATION;** | § | |
| **ALBERTSON'S REALTY LLC;** | § | |
| **ALBERTSON'S COMPANIES, INC.;** | § | |
| **ALBERTSON'S INVESTOR HOLDINGS** | § | |
| **LLC; CEREBUS CAPITAL** | § | |
| **MANAGEMENT, LP; and CEREBUS** | § | |
| **CAPITAL MANAGEMENT, LLC;** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO DEFENDANT ALBERTSON'S REALTY LLC

TO:     Defendant **ALBERTSON'S REALTY LLC** by and through its attorneys of record, Trek Doyle, Karl Seelbach, and Joshua R. Bolduc, Doyle & Seelbach PLLC, 7700 W. Highway 71, Ste. 250 Austin, Texas 78735.

## INSTRUCTIONS

Pursuant to the provisions of TEX. R. CIV. P., Plaintiff serves upon Defendant this set of discovery requests. Plaintiff requests that Defendant answer the Requests for Disclosure, First Set of Interrogatories, Requests for Production, and Request for Admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to: (1) number each item which will be produced pursuant to these requests with a separate and distinct number or similar identifying designation; and (2) serve your written response to these requests and interrogatories, stating with regard to each numbered request and interrogatory, the identification or exhibit numbers of the specific items being answered or produced in response to each such request or interrogatory. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only

be produced one time.  All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

Plaintiff specifies, on or before the first day after thirty (30) days from the date of service, the office of Plaintiff's attorney, Walker Bright PC, 100 N. Central Expressway, Suite 800, Richardson, Texas 75080, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

A.      "You" and "Yours" means **ALBERTSON'S REALTY LLC.**

B.      "Defendant" means **ALBERTSON'S REALTY LLC** unless otherwise identified.

C.      "Plaintiff" or "Plaintiffs" means HERSHALL SHELLEY.

D.      "Person" and "Persons" means both the plural and singular, and each term includes any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

E.      "Accident" or "Incident" means the alleged accident, incident, injury or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition and any amended petition.

F.      "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

G.      "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer printouts, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession,

custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

H.      "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

I.      "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

J.      "Identify" when referring:

(1)      to a person, means to state the person's name, and their business and residential addresses and phone numbers.

(2)      to a business or governmental entity, means to state its full name and present or last known business address and phone number.

(3)      to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

(4)      to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

(5)      to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

## <u>NOTICE WITH REGARD TO OBJECTIONS</u>

Pursuant to TEX. R. CIV. P. 192, 194, and 196, please take notice that:

A.      Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information.  It is not a ground for objection that the information sought will be inadmissible at trial if the information

**EXHIBIT A**

sought appears reasonably calculated to lead to the discovery of admissible evidence.  *See* TEX. R. CIV. P.  92.3.

B.      No objection or assertion of work product is permitted to a request submitted under TEX. R. CIV. P.  194.

C.      Discovery extends to documents or things either in your possession or in your constructive possession.  Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

D.      With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

(1)      The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

(2)      The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

E.      Assertion of Privilege.

(1)      Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

(a)      That information or material responsive to the request has been withheld;

(b)      Identify the request to which the information or material relates; and

(c)      The specific facts which you claim support the asserted legal privilege.

(2)      Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and

material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

(a)     describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

(b)     asserts a specific privilege for each item or group of items withheld.  *See Peeples v. The Honorable Fourth Court of Appeals*, 701 S.W.2d 635 (Tex. 1985); *Jordan v. The Honorable Fourth Court of Appeals*, 701 S. W.2d 644 (Tex. 1985); *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex. 1985).

(3)     Please note that under Rule 192.5 (c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

(a)     information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

(b)     trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

(c)     the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

(d)     any photograph or electronic image of underlying facts (*e.g.*, a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

(e)     any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

F.     Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS.  You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." *Jampole v. Touchy*, 673 S.W.2d 569 (Tex. 1984).  Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents.  If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

EXHIBIT A

## <u>REQUESTS FOR DISCLOSURE</u>

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendant is hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(d); 194.2(e); 194.2(f)(1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j); 194.2(k), and 194.2(l).

**EXHIBIT A**

## <u>FIRST SET OF WRITTEN INTERROGATORIES</u>

INTERROGATORY NO. 1:   Please identify the **ALBERTSON'S REALTY LLC** representative primarily responsible for answering these interrogatories by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 2:  Please identify the person or persons primarily responsible for hiring, training, and supervising the persons who maintain the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 3:  Please identify the person or persons primarily responsible for purchasing, inspection, maintenance, and repair of items in the area and for the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, by stating their full name and job title.

ANSWER:

INTERROGATORY NO. 4:  Please describe any and all slip and fall incidents in which Defendant has been involved during the past 10 years involving a slip and fall in the area or an area similar to the area where Plaintiff alleges that the accident made the basis of this lawsuit occurred.  Your answer should include a description of the slip and fall incident(s), property damage, injuries sustained, dates, and locations.

ANSWER:

INTERROGATORY NO. 5:  State whether or not any inspection, examination, test, and or analysis of the area in front of the location where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit, was made by any person, within 30 days before or 30 days after the date of the accident made the basis of this lawsuit. If so, please state the date of such examination, inspection, test or analysis and the identity of the persons participating in such inspection, examination, test or analysis, by name, address, and phone number.

**EXHIBIT A**

ANSWER:


INTERROGATORY NO. 6:  Please state in detail each and every step taken by you to prevent or avoid the incident made the basis of this suit.

ANSWER:


INTERROGATORY NO. 7:  Pursuant to TEX. R. CIV. P. 192.3(d), please state the name, address and telephone number of all persons whom you reasonably expect to call to testify at trial, and a brief statement describing the substance of their testimony.

ANSWER:


INTERROGATORY NO. 8:  For any testifying expert or consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please state or provide all discovery authorized by TEX. R. CIV. P. 192.3(e).  A complete answer will include a list of all witness fees paid within the last five years.

ANSWER:


INTERROGATORY NO. 9:  Please state whether you have been properly named in this cause of action, stating your correct name if you have not been properly named.

ANSWER:


INTERROGATORY NO. 10:  Were photographs taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such photographs by name, address, and phone number, and the person(s) in possession of such photographs by name, address, and phone number.

ANSWER:

**EXHIBIT A**

INTERROGATORY NO. 11: Were videos or any other electronic recordings taken of the location involved in the incident which is the subject of this lawsuit by you, an agent of yours, an agent of your insurance carrier, or an agent of your attorney?  If so, please state the person(s) who took such videos or electronic recordings by name, address, and phone number, and the person(s) in possession of such videos or electronic recordings by name, address, and phone number.

ANSWER:

INTERROGATORY NO. 12:  Were recorded statements taken of any Plaintiff, Defendant, or any other person with knowledge of relevant facts regarding the incident made the basis of this suit by an agent of your insurance carrier?  If so, please state the person(s) who took such statements by name, address, and phone number, the dates such statements were taken, and the person(s) who gave such statements by name, address, and phone number.

ANSWER:

INTERROGATORY NO. 13:  Identify any and all of your employees, servants, or agents who worked on the premises within 14 days before and or 14 days after the date of the incident made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 14:  Please identify the nature and location of any video surveillance camera or equipment near the location in question, and whether or not such equipment was in use or in operation on the date of the incident in question.

ANSWER:

INTERROGATORY NO. 15:  Identify the last person who inspected the location in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit before the accident and the date and time it was inspected.

ANSWER:

EXHIBIT A

INTERROGATORY NO. 16:  Identify the person who inspected the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas on the date of the incident made the basis of this lawsuit after the accident and the date and time it was inspected.

ANSWER:

INTERROGATORY NO. 17:  State the location on your premises where the accident occurred, giving the distance, in feet, to fixed objects or boundaries of the premises.

ANSWER:

INTERROGATORY NO. 18:  Describe in your own words your understanding of how the incident made the basis of this suit occurred.

ANSWER:

INTERROGATORY NO. 19:  Describe any conditions that caused or contributed to the accident.

ANSWER:

INTERROGATORY NO. 20:  If you knew of the condition(s) described in your answer to Interrogatory #19 before the accident occurred, when did you learn of such condition(s)?

ANSWER:

INTERROGATORY NO. 21:  If you contend Plaintiff was negligent in causing his own injuries, state the factual basis for your contention.

ANSWER:

INTERROGATORY NO. 22:  Describe in detail any conversations you have had with the Plaintiff since the accident.

EXHIBIT A

ANSWER:


INTERROGATORY NO. 23:   Describe in detail your regular procedure for inspecting and maintaining the premises in front of the area where Plaintiff was attempting to clock in for work at 715 S. Exposition Boulevard, Austin, Travis County, Texas.

ANSWER:


INTERROGATORY NO. 24:    Describe any warnings or signs that were posted on your premises at the time of the accident in the specific area where the accident occurred.

ANSWER:


INTERROGATORY NO. 25:   What precautions did you take to take to prevent the accident made the basis of this lawsuit from happening?

ANSWER:

**EXHIBIT A**

## <u>REQUESTS FOR PRODUCTION</u>

1.      All statements, oral or written, previously made by any Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by any Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

RESPONSE:


2.      All drawings, maps or sketches of the scene of the incident made the basis of this lawsuit.

RESPONSE:


3.      All investigative or other reports that were conducted by or on behalf of the Defendant in the ordinary course of Defendant's business, prior to the incident in question or subsequent to the incident in question and before the Defendant received formal notice, relating to the incident in question or the subject matter of this lawsuit (including Plaintiff's claims for damages).

        A.      Also, regarding the aforementioned investigation, please produce all correspondence, tests, reports, documents, drawings, photographs, movie or videotape films, models, computer generated, enhanced and/or actual items recovered from the scene of the incident in question, generated or obtained by or on behalf of the Defendant, which are relevant or contain information relevant to:

                (1)      the cause of the incident in question;

                (2)      the injuries sustained by the Plaintiff; and

                (3)      the Defendant's affirmative defenses to the Plaintiffs' causes of action.

        B       All statements obtained by or on behalf of the Defendant;

        C.      All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the Defendant from the scene of the incident in question.

RESPONSE:


4.      All claims files of Defendant's insurance carrier regarding the accident made the basis of this suit. *See e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 719 (Tex. 1998) (Defendant entitled to claim file from Plaintiff's carrier); *Dunn Equip., Inc. v. Gayle*, 725 S.W.2d 372, 374-75

(Tex.App.-Houston [14th Dist.] 1987, orig. proceeding) (Plaintiff entitled to claim file from Defendant's carrier).

RESPONSE:


5.      Documents which establish the date on which Defendant and/or Defendant's insurance carrier learned that any Plaintiff was asserting a claim for bodily injury damages against Defendant.

RESPONSE:


6.      All photographs, videotapes, films, slides, or negatives of any sort which have been taken of any Plaintiff, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.

RESPONSE:


7.      All photographs, videotapes, films, slides, negatives, sketches, or maps of any sort which have been taken or made of the incident, scene, location involved in the incident, by or for the Defendant, or which are otherwise in the possession, custody, or control of the Defendant.  Color photographs or color laser copies of photographs are specifically requested.

RESPONSE:


8.      All models, prototypes, displays, or other exhibits which may be used at the trial hereof, excluding enlargements of items already provided to or received from any Plaintiff.

RESPONSE:


9.      All correspondence between any Plaintiff and Defendant which are in the possession of the Defendant.

RESPONSE:

**EXHIBIT A**

10.     All documents not previously produced in response to the above request for production which Defendant will/may introduce at the time of trial in support of its defenses and/or for impeachment.

RESPONSE:

11.     All claim files on Plaintiff in the possession, custody and/or control of Defendant or his/her agents, servants, employees and insurance company.

RESPONSE:

12.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier concerning the subject matter of this cause of action.

RESPONSE:

13.     Please produce an audio tape and transcription of any and all recorded statements in the care, custody or control of Defendant or Defendant's insurance carrier taken of any interviews of the Plaintiff concerning the subject matter of this cause of action.

RESPONSE:

14.     Please produce copies of all records obtained by subpoena, depositions by written questions, or written authorization from any and all of any Plaintiffs' medical providers, insurers, and employers.

RESPONSE:

15.     Please produce copies of all records in your possession, custody, and control relating to any citations and criminal charge within the past 10 years.

RESPONSE:

**EXHIBIT A**

16.     Please produce copies of any and all publications, studies, or experiments which will be used or introduced at trial to support Defendant's contentions, or which will be used or introduced at trial to support Defendant's expert witness testimony, or which have been relied upon by Defendant's expert witnesses to form opinions in this case, or which will be used or introduced at trial to cross examine any Plaintiffs' expert witnesses.

RESPONSE:

EXHIBIT A

## REQUEST FOR ADMISSIONS

1.      Admit or deny that Defendant was the owner of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

2.      Admit or deny that Defendant was the occupier of the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

3.      Admit or deny that Defendant controlled the premises located at 715 S. Exposition Boulevard, Austin, Travis County, Texas at the time of the incident in question.

ANSWER:

4.      Admit or deny Plaintiff properly named you in Plaintiff's First Amended Original Petition.

ANSWER:

EXHIBIT A

Respectfully submitted,

WALKER BRIGHT, P.C.
100 N. Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Facsimile:      (972) 744-0067
Email:          efiledallas@wblpc.com

By: _____

Gerald Bright
State Bar No. 02991720
David L. Craft
State Bar No. 00790522
Courtney L. Myers
State Bar No. 24102261
Arthur L. Walker
State Bar No. 20693900

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION AND DISCOVERY REQUESTS has been sent via the method listed below to all counsel of record and/or parties as listed below on this the 21st day of October 2020.

Trek Doyle                                      *Via Texas Efile Eservice*
Karl Seelbach
Joshua R. Bolduc
Doyle & Seelbach PLLC
7700 W. Highway 71, Ste. 250
Austin, Texas 78735
**Attorneys for Defendants**


                                    _____/s/ Gerald Bright_____
                                    Gerald Bright/David Craft

**EXHIBIT A**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Efile Dallas on behalf of Gerald Bright
Bar No. 2991720
efiledallas@wblpc.com
Envelope ID: 47380758
Status as of 10/22/2020 3:34 PM CST

Associated Case Party: Hershall Shelley

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gerald Bright | | efiledallas@wblpc.com | 10/21/2020 10:42:05 AM | SENT |

Associated Case Party: Randalls Food & Drugs LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Trek Doyle | | trek@doyleseelbach.com | 10/21/2020 10:42:05 AM | SENT |
| Bill Templeton | | bill@doyleseelbach.com | 10/21/2020 10:42:05 AM | SENT |
| Joshua Bolduc | | josh@doyleseelbach.com | 10/21/2020 10:42:05 AM | SENT |

**EXHIBIT A**